504 So.2d 1255 (1986)
Archie Edward EVERAGE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. BI-389.
District Court of Appeal of Florida, First District.
October 31, 1986.
*1256 Leo A. Thomas, of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellant.
Jim Smith, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
Appellant appeals his conviction and sentence for the second degree murder of his wife by poisoning. We affirm his conviction but reverse his sentence and remand for resentencing.
Appellant raises several points on appeal. The only one which has merit is the one in which appellant asserts that the trial court's reasons for departing from the recommended sentencing guidelines sentence were invalid.
Appellant was sentenced to a term of incarceration of 36 years. The recommended guidelines range was 12 to 17 years. The court entered a written order setting forth the following reasons for departure:
1. The defendant engaged in an elaborate cover-up to perpetuate the nondisclosure of his wife's death and his involvement in it;
2. The defendant engaged in the commission of other crimes to facilitate the cover-up and his culpability for his wife's death;
3. The court has observed the defendant's willingness to fabricate testimony under oath in order to gain an acquittal and such conduct on his part shows a complete lack of remorse, contriteness and rehabilitative qualities thus justifying a sentence in excess of that recommended by the guidelines. See, e.g. United States v. Grayson, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978);
4. The Court is convinced that the defendant poses a danger to himself and to others, i.e., to his two young sons, and therefore the recommended guidelines range is insufficient to protect the interests of society.
*1257 We believe the first reason, that the defendant engaged in an elaborate cover-up to perpetuate the nondisclosure of his wife's death and his involvement in it, is permissible. In order to conceal the murder, appellant, on the morning following his wife's death, placed his wife's body in an unplugged freezer, along with a suitcase, items of clothing, jewelry, cash and credit cards.[1] Appellant then engaged in a course of lying to family, friends and police concerning his wife's death. He told everyone that she had left home  presumably taking with her the items which he had concealed in the freezer  and that he did not know where she had gone. Appellant had a moving company move the freezer from his home to a mini-warehouse. He had the freezer placed in a unit which he had rented in the name of a close friend. The following month appellant purchased a used freezer, painted it the same color as the other one, filled it with books and magazines, and had it placed in another unit in the same mini-warehouse. Appellant rented this unit in his own name. When the police became suspicious, appellant showed them this second freezer. Several months later, appellant came forward and directed the police to the unit where the freezer which contained the body was stored.
We believe this elaborate cover-up effort is a valid reason for departure. We disagree with appellant's contention that this reason is prohibited by Fla.R.Cr.P. 3.701(d)(11) which provides in pertinent part:
"Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained."
The intent of this deceptively simple provision is not entirely clear. For one thing, the term "instant offenses" is not defined anywhere in Rule 3.701 nor is it the subject of a Committee Note. Presumably, it does not mean or encompass either "primary offense" or "additional offenses at conviction" inasmuch as those terms, as defined by the Rule,[2] contemplate only offenses for which the defendant has been convicted. The "instant offenses" mentioned in the above language are offenses for which the defendant has not been convicted. It would appear to us that the drafters of this language were seeking to address situations such as those where other charges against the defendant had been dropped. Under such circumstances, (d)(11) precludes the court from relying upon "factors relating to" such offenses. See e.g. Sabb v. State, 479 So.2d 845, 846 (Fla. 1st DCA 1985).
But what if the factors relied upon by the court can be said to relate instead to the primary offense, i.e. the offense for which the defendant has been convicted? Under such circumstances, we do not believe that (d)(11) precludes reliance upon such factors. See Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984) (rejecting an overly broad interpretation of (d)(11)); compare Tyner v. State, 491 So.2d 1228 (Fla. 2nd DCA 1986). Certainly, such factors do not have to constitute crimes in order to qualify as valid reasons for departure. We believe that the defendant's elaborate cover-up of the subject homicide can be regarded as including factors relating to the primary offense and thus not precluded by (d)(11).
Reason # 2, however, although closely akin to the first reason, must be found invalid because of prior controlling decisions of this court interpreting Rule 3.701(d)(11). In reason # 2, the trial judge relied upon the defendant's "commission of other crimes to facilitate the cover-up." The judge did not indicate the nature of the crimes to which he was referring. In any event, this court has previously interpreted (d)(11) to mean that reliance upon "other crimes" is impermissible as a reason for departure unless the defendant has been convicted of such other crimes. Rease v. *1258 State, 485 So.2d 5 (Fla. 1st DCA 1986); Sabb v. State, supra. See also, Committee Note to (d)(11), providing, in part: "The court is prohibited from considering offenses for which the offender has not been convicted."[3]
Of the several reasons advanced by the trial court for departure, the third reason was referred to by the court as the paramount factor. This third reason  quoted above  consists of two parts. First, the court indicates that departure is justified because the appellant fabricated his testimony under oath. Since the advent of sentencing guidelines, the appellate courts of this state have, on a number of occasions, disapproved guidelines departure where the basis is the defendant's apparent untruthfulness during trial. Perez v. State, 485 So.2d 24 (Fla. 1st DCA 1986); Beauvais v. State, 475 So.2d 1342 (Fla. 3d DCA 1985); Gallo v. State, 483 So.2d 876 (Fla. 2nd DCA 1986); Guerrero v. State, 484 So.2d 59 (Fla. 2nd DCA 1986); and Pursell v. State, 483 So.2d 94 (Fla. 2nd DCA 1986). The trial court's reliance upon United States v. Grayson, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978), is misplaced. See Daytona Beach v. Del Percio, 476 So.2d 197 (Fla. 1985), and Beauvais v. State, supra.
The trial court further states in its third reason that appellant's apparent untruthfulness showed a lack of remorse and contrition. In the first place, this reason is premised on the impermissible reason that appellant gave untruthful testimony. Secondly, again since the advent of sentencing guidelines, it has been held that a defendant's lack of remorse may not be relied upon by the trial court as a reason for guidelines departure. Phillips v. State, 481 So.2d 996 (Fla. 1st DCA 1986); Scurry v. State, 472 So.2d 779 (Fla. 1st DCA 1985); Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986).
The final reason for departure given by the trial judge, namely, that the appellant "poses a danger to himself and to others" and that "therefore the recommended guideline range is insufficient to protect the interests of society" cannot be sustained in view of the Supreme Court's recent holding in Lerma v. State, 497 So.2d 736 (Fla. 1986). Lerma was convicted of sexual battery involving the use of force not likely to cause serious personal injury. The guidelines range was four and one-half to five and one-half years and the trial judge's departure sentence was fifteen years. One of the reasons given by the trial judge for such departure was the "dangerousness of the defendant." The Supreme Court held such reason to be invalid stating that "everyone convicted of sexual battery is dangerous" and that departure "cannot be based on a factor common to nearly all crimes in the sentencing category," citing to State v. Mischler, 488 So.2d 523 (Fla. 1986). If, as the Supreme Court says, everyone convicted of sexual battery is ipso facto dangerous, it would be difficult to conclude otherwise with respect to the danger posed by a person convicted of second degree murder.
Because the trial court's departure sentence is grounded on both valid and invalid reasons, and because it has not been shown beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence, the sentence must be reversed and the case remanded for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985).
We have examined the remaining issues raised by appellant and find them to be without merit.
AFFIRMED in part and REVERSED in part, and REMANDED.
WENTWORTH, J., and WILLIS, BEN C., (Ret.), Associate Judge, concur.
NOTES
[1] At trial, the defendant claimed that his wife had poisoned herself by accident. Basically, his story was that he had placed a quantity of cyanide in a Contac cold medication capsule because he had been contemplating suicide. He said that on the fateful evening he placed the capsule under a bathroom tray and was awakened later by his wife complaining of feeling ill after taking the Contac capsule.
[2] Fla.R.Cr.P. 3.701(d)(3) and (4).
[3] The Committee Notes have been specifically adopted by the Supreme Court as part of the sentencing guideline rules. Florida Bar Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). See also Joyce v. State, 466 So.2d 433 (Fla. 5th DCA 1985).