PER CURIAM.
Defendant appeals from the revocation of his probation and from the trial court’s upward departure from the sentencing guidelines.
We affirm the revocation of probation. It is clear that defendant violated a material condition of his probation by his convictions for sale and possession of marijuana with the intent to sell. The other reasons given in the order revoking probation were either not valid or not established and should be stricken.
We reverse the sentence and remand for resentencing. None of the trial court’s reasons for departing from the guidelines were valid. Those reasons were as follows. (1) The timing of the offenses for which defendant was put on probation and which constituted violations of *1120 his probation as compared to prior offenses which he committed in Alabama. This reason is insufficient because the Alabama offenses were committed approximately two years prior to the first of these Florida offenses. See Bruton v. State, 510 So.2d 1243 (Fla. 1st DCA 1987). (2) Florida is a haven for drug smugglers and dealers. If this reason were sufficient, there could be a guidelines departure in any drug case. (3) Defendant “graduated” from his Alabama offenses. This reason was insufficient because no escalation of criminal conduct was shown to have occurred from the Alabama burglary offenses to these Florida drug offenses. (4) Defendant has “absolute disregard for obeying the law or any other authority including prison officials, probation officials, alcohol and drug treatment officials, or anyone else attempting to 'rehabilitate his life.” This reason is insufficient, see Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985). (5) Substantial state prison time provides the only chance for rehabilitating defendant. This reason constitutes, in substance, only disagreement with the guidelines. (6) There is no other means to deter defendant and others from ■ criminal conduct. This reason is insufficient, see Allen v. State, 476 So.2d 309 (Fla. 2d DCA 1985). (7) “While on probation the defendant continued his same course of conduct in dealing in drugs.” This reason is insufficient. See Aleman v. State, 498 So.2d 967 (Fla. 2d DCA 1986) [in effect receding from Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984) ].
Upon remand the defendant shall be re-sentenced within the recommended guidelines range.
Affirmed in part, reversed in part, and remanded for resentencing and correction of the order revoking probation.
CAMPBELL, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.