544 So.2d 1132 (1989)
Jessie BANNERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2628.
District Court of Appeal of Florida, Fourth District.
June 14, 1989.
Jessie Bannerman, Indiantown, pro se.
*1133 Robert A. Butterworth, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was sentenced in 1984 to life imprisonment with a mandatory minimum of three years incarceration for use of a firearm, based on a conviction of six counts of armed robbery with a firearm. The guidelines called for a maximum of seventeen years. The sentencing court departed from the guidelines for several reasons, some valid and some invalid. The invalid reasons for departure included findings that the defendant did not tell the truth at his trial, Jones v. State, 501 So.2d 178 (Fla. 4th DCA 1987); that he has shown an utter disregard for society, McClure v. State, 513 So.2d 1119 (Fla. 2d DCA 1987); that he lacked remorse; and that he denied his guilt against the weight of witness testimony. State v. Mischler, 488 So.2d 523 (Fla. 1986).
The valid reasons included the sentencing court's finding that defendant used excessive force, Smith v. State, 515 So.2d 182 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1249, 99 L.Ed.2d 447 (1988); his threats to victims and others in court, Walker v. State, 496 So.2d 220 (Fla. 3d DCA 1986); and his pattern of criminal activity over the course of many years. Williams v. State, 504 So.2d 392 (Fla. 1987).
As appellant was sentenced for crimes which were committed prior to the effective date of the amendment to section 921.001(5), Florida Statutes (1987), we find that Albritton v. State, 476 So.2d 158 (Fla. 1985) applies, and that a departure sentence based on valid and invalid reasons for departure must be remanded for resentencing unless it is clear, beyond a reasonable doubt, that the defendant would have received the same sentence, absent the invalid reasons. See State v. McGriff, 537 So.2d 107 (Fla. 1989). We cannot so conclude in this case. Therefore, appellant's sentence is reversed; and we remand for resentencing.
GLICKSTEIN and GUNTHER, JJ., concur.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially.
This is an appeal from a trial court order denying appellant's petition for post-conviction relief without a hearing. As is noted in the majority opinion the appellant has made a prima facie case showing that some improper reasons were used by the trial court to deviate from the guidelines and impose a life sentence. There is authority for the proposition that a defendant may challenge such a sentence in post-conviction relief proceedings even though the alleged illegal sentence could also have been challenged on appeal. See Yates v. State, 509 So.2d 1249 (Fla. 5th DCA 1987); Vause v. State, 502 So.2d 511 (Fla. 1st DCA 1987). I am particularly convinced to agree with the majority that the sentence should be reexamined because the appellant has demonstrated that he was specifically advised in writing, by his appellate counsel, not to raise the sentencing issues on appeal. In fact, counsel refused to raise the sentencing issues on appeal. Under these circumstances I agree that appellant is entitled to a resentencing.