DELL, Judge.
In Abt v. State, 504 So.2d 548 (Fla. 4th DCA 1987), this court rejected seven of the eight reasons given by the trial court to aggravate appellant’s sentence. We held, however, that the record supported the trial court’s departure from the guidelines based upon appellant’s escalating pattern of criminal conduct and that this one reason furnished sufficient grounds therefor under the amendment to section 921.001(5), Florida Statutes (1987). In Abt v. State, 541 So.2d 614 (Fla.1988), the supreme court reversed this court’s decision and held that the amendment to section 921.001(5) applied only to offenses committed after its effective date. On remand, the trial court again sentenced appellant to twenty-five years in prison and announced that it was adopting the second reason set forth in its April, 1986, written order of departure (escalating pattern of criminal conduct) and the grounds set forth in an order of departure dated June, 1987. The court did not enter a written order of departure until August 8, 1989, five days after appellant filed his notice of appeal.
We must again reverse the trial court’s sentence. We find merit in appellant’s arguments that since the trial court entered its order five days after appellant filed his notice of appeal from the sentence, it had lost its jurisdiction over the case; the written order did not include the reasons that the trial court orally gave for departure; and the order was not entered contemporaneously with the sentencing hearing as required in Ree v. State, 14 F.L.W. 565 (Nov. 16, 1989). We also find merit in appellant’s argument that since the trial court made reference during its oral pronouncement of sentence to the seven reasons which this court held invalid in Abt I, the record remains unclear as to whether the trial court would depart from the recommended guidelines sentence based solely upon appellant’s escalating pattern of criminal activity.
Accordingly, we reverse the sentence and remand this cause for further proceedings. The trial court is directed to either sentence appellant within the guidelines or, should the trial court elect to depart from the guidelines, to enter an appropriate contemporaneous written order setting forth its reason for departure. The trial court shall not be permitted to consider reasons for departure other than the one reason previously approved by this court. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
REVERSED and REMANDED.
WARNER and GARRETT, JJ., concur.