ON REHEARING EN BANC
HALL, Judge.
We grant the state’s motion for rehearing en banc in order to resolve an intradis-trict conflict and substitute the following opinion for that previously filed in this case.
*427 The public defender has filed an Anders[1] brief in this case, concluding there is no meritorious argument supporting reversal of Varner’s convictions for shooting into a building, shooting into a vehicle, and aggravated assault. Varner was advised that the public defender filed a brief on his behalf, but Varner did not take the opportunity to file a brief of his own.
The public defender concluded there was no error in the departure sentence imposed upon Varner because she believed that although one of the reasons given in support of departure was invalid, the other reason was valid. We agree with the public defender that “total disregard for safety of others” is an invalid reason for departure because it is an essential element of the offenses for which Varner was convicted. State v. Mischler, 488 So.2d 523 (Fla.1986). We also find, however, that “threatening witnesses prior to trial” is not a valid reason for departure because it refers to an offense for which Varner has not been convicted. Fla.R.Crim.P. 3.701(d)(ll); Allen v. State, 479 So.2d 257 (Fla. 2d DCA 1985); Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985). We recognize that we have held to the contrary in Rodriguez v. State, 547 So.2d 708 (Fla. 2d DCA 1989), and Boomer v. State, 564 So.2d 1232 (Fla. 2d DCA 1990), and we recede from those cases to the extent they conflict with our opinion herein. In addition, we certify conflict with the First, Third, and Fourth Districts on this issue. Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), review denied, 471 So.2d 44 (Fla.1985); Walker v. State, 496 So.2d 220 (Fla. 3d DCA 1986); Bannerman v. State, 544 So.2d 1132 (Fla. 4th DCA 1989).
Accordingly, since both reasons for departure are invalid, we reverse Varner’s sentence and remand with directions that he be resentenced pursuant to the sentencing guidelines.
Reversed and remanded.
SCHOONOVER, C.J., and RYDER, DANAHY, CAMPBELL, LEHAN, FRANK, THREADGILL, PARKER and PATTERSON, JJ„ concur.
ALTENBERND, J., concurs specially.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).