616 So.2d 988 (1993)
STATE of Florida, Petitioner,
v.
Paris D. VARNER, Respondent.
No. 79912.
Supreme Court of Florida.
April 15, 1993.
Robert A. Butterworth, Atty. Gen., Sue R. Henderson, Asst. Atty. Gen., Tampa, and Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for petitioner.
James Marion Moorman, Public Defender, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for respondent.
KOGAN, Justice.
We have for review Varner v. State, 597 So.2d 426 (Fla. 2d DCA 1992), based on express and direct conflict with Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), Walker v. State, 496 So.2d 220 (Fla. 3d DCA 1986), and Bannerman v. State, 544 So.2d 1132 (Fla. 4th DCA 1989). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Varner was tried and convicted for shooting into a building, shooting into a vehicle, and aggravated assault. Prior to his trial, he allegedly threatened a witness. After conviction, the trial court entered a departure sentence based on total disregard of the safety of others and threatening a witness prior to trial. On appeal, the district court found both reasons invalid. As to witness tampering, the district court receded from its own prior case law on grounds that Rule of Criminal Procedure 3.701(d)(11) prohibits departure based on an offense for which the defendant has not been convicted. Here, that offense was witness tampering.
While we acknowledge the State's argument that the weight of authority supports its position, we find the arguments raised by Judge Altenbernd below to be the better reasoned approach to this issue. Had Varner been charged and simultaneously sentenced for witness tampering, the guidelines would not have permitted a sentence as great as the one he received. This result should not be permitted, because it fosters inconsistent sentencing based on similar facts. Such a state is contrary to the basic precepts underlying the sentencing guidelines.
Accordingly, we hold that departure may not be based on conduct that could have, *989 but has not yet, resulted in criminal conviction. If the State wishes to punish such collateral misconduct, the proper method is to separately charge and convict. We disapprove the opinions in Williams, Walker, and Bannerman to the extent they are inconsistent with our views here. The decision below is approved.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.