620 So.2d 187 (1993)
Donald Lewis SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 80551.
Supreme Court of Florida.
June 10, 1993.
Nancy A. Daniels, Public Defender and Kathleen Stover, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief  Criminal Appeals and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Smith v. State, 604 So.2d 944 (Fla. 1st DCA 1992), which certified the following question of great public importance:
Do defendant's efforts to cover up a crime allow sentencing guidelines departure?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the negative consistent with our opinion in State v. Varner, 616 So.2d 988 (Fla. 1993). The opinion below is quashed and remanded for reconsideration in light of Varner.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs specially with an opinion.
BARKETT, Chief Justice, specially concurring.
Regardless of whether the concealment of a murder is a crime for which the defendant was not charged, a departure from the sentencing guidelines cannot be based on an inherent component of the crime in *188 question. State v. Mischler, 488 So.2d 523 (Fla. 1986). Concealment of a murder by the murderer is "a factor common to nearly all crimes in the sentencing category." Lerma v. State, 497 So.2d 736, 739 (Fla. 1986) (applying Mischler to the stated reasons for departure in a sexual battery case, i.e., dangerousness of the defendant and helplessness of the victim).
Although I agree with the majority that State v. Varner, 616 So.2d 988 (Fla. 1993) also applies, I would reverse the decision based on Mischler as well.