KLEIN, Judge.
Appellant, while attempting to escape incarceration, assaulted and kidnapped a law enforcement officer. He appeals an upward departure sentence which was imposed after he pled no contest to aggravated assault on a law enforcement officer, kidnapping, and escape.
The trial court imposed guideline sentences on the charges of aggravated assault on a law enforcement officer and escape, and an upward departure sentence under the kidnapping count, which was the primary offense, stating as reasons sections 921.0016(3)(h) and 921.0016(3)(o), Florida Statutes (1993).
Section 921.0016(3)(h) provides:
The defendant knew the victim was a law enforcement officer at the time of the offense; the offense was a violent offense; and that status is not an element of the primary offense.
Section 921.0016(3)(o) provides:
The offense was committed in order to prevent or avoid arrest, to impede or prevent prosecution for the conduct underlying the offense, or to effect an escape from custody.
Appellant argues, and we agree, that the court erred in entering an upward departure sentence on the kidnapping charge. The first reason the court used, the fact that the victim was a law enforcement officer, was inherent in one of the other offenses, aggravated assault on a law enforcement officer. Where aggravated assault is committed on a law enforcement officer, the offense is increased from a third degree felony to a second degree felony, section 784.07(2)(c), Florida Statutes (1993). The second reason used for departure, that the kidnapping was committed in order to escape, was inherent in the offense of which he was convicted and sentenced.
Because the factors regarding the law enforcement officer and the escape were already taken into account in calculating the guidelines score, they cannot support a departure. State v. Mischler, 488 So.2d 523 (Fla.1986), citing Hendrix v. State, 475 So.2d 1218 (Fla.1985).
*576 We therefore reverse and remand for imposition of a guidelines sentence on the kidnapping conviction.
PARIENTE and GROSS, JJ., concur.