690 So.2d 645 (1997)
Oscar RENDON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1267.
District Court of Appeal of Florida, Fourth District.
March 12, 1997.
Rehearing Denied April 15, 1997.
*646 Michael Salnick and Ian J. Goldstein of Law Offices of Michael Salnick, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee; and Sharon A. Wood, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant appeals his upward departure sentence, contending that the reasons advanced by the trial court were invalid. We reverse because the stated reasons constituted an impermissible basis for imposing a departure sentence.
Defendant pled guilty to the second degree felony of leaving the scene of an accident involving injury or death, section 316.027, Florida Statutes (1993), and to the first degree misdemeanor of obstruction of an officer without violence, section 843.02. The trial court sentenced defendant to an upward departure sentence of seven years on the felony and to time served on the misdemeanor.
The following facts are pertinent to the trial court's imposition of a departure sentence. Shortly after a police officer arrived at the accident scene to investigate a fatality, defendant's wife arrived. She was driving the van involved in the accident, with her husband as the passenger. Mrs. Rendon told the officer a "rather orchestrated story." She said she had gone to pick up her husband from a Miami soccer game, and the crash had occurred while returning home. Mrs. Rendon stated that she had been driving the van at the time of the crash. The police officer initially accepted her story, which was supported by defendant.
Several days later, the police received an anonymous tip that defendant had in actuality been the driver. After further questioning, during which both defendant and his wife continued to stick to their initial story, defendant finally admitted to having been the driver. He told the officer that after the accident he had gone home, awakened his wife, and told her he had hit and killed a pedestrian. Together, they had returned to the scene, with Mrs. Rendon driving, to tell the police the spurious story. Defendant admitted that he, along with his wife, had made up the story. He did admit that he had been drinking at the time of the accident. Defendant had no prior criminal history and had never been previously arrested.
At sentencing, the trial court justified a departure sentence based on defendant's attempted cover-up of the crime of leaving the scene of the accident. The trial court's written statement, which paralleled its oral justification, stated that departure was based on "the defendant's efforts to cover up his crime by engaging in a course of lying to the police and letting his wife lie to the police, thus subjecting her to a possible perjury charge."
Defendant attacks the departure reasons on several interrelated grounds: a) avoiding detection is an inherent component of the crime of leaving the scene; b) efforts to cover up are a common feature of all crimes; c) the reasons given were already part of a separate crime for which defendant was charged and convicted; and d) a departure sentence may not be based on uncharged criminal conduct. We review each argument in light of existing case law as well as in light of the 1994 sentencing guidelines applicable to this case.

THE 1994 SENTENCING GUIDELINES
The stated legislative intent of the 1994 sentencing guidelines, which revamped the existing statutory scheme, was to "emphasize incarceration in the state prison system for violent offenders and nonviolent offenders *647 who have repeatedly committed criminal offenses and have demonstrated an inability to comply with less restrictive penalties previously imposed." See § 921.0001, Fla.Stat. (1995).
Pursuant to subsection 921.0016(1)(a), the recommended guidelines sentence provided by the total sentence points is assumed to be appropriate for the offender. Subsection 921.0016(2) further provides that "[a] departure from the recommended guidelines sentence is discouraged unless there are circumstances or factors which reasonably justify the departure."
In the 1994 revisions to the sentencing guidelines, the legislature for the first time enumerated specific aggravating circumstances for which "a departure from the sentencing guidelines is reasonably justified." See § 921.0016(3). The "1994 sentencing guidelines supersede existing case law that conflicts with the purpose or principle of the new guidelines." Capers v. State, 678 So.2d 330, 332 (Fla.1996); see Amendments to Fla. R.Crim. P. re Sentencing Guidelines, 628 So.2d 1084 (Fla.1993). The statutory factors are not exclusive, and a trial court may depart for other reasons not otherwise disapproved by existing case law. See § 921.0016(2),(3).

INHERENT COMPONENT OF CRIME
In State v. Mischler, 488 So.2d 523 (Fla.1986), our supreme court held that an inherent component of the crime in question cannot justify a departure sentence. This blanket pronouncement has been modified by the 1994 legislative sentencing guidelines, but only to the extent that the guidelines expressly permit such a departure. See Capers.
In Capers, our supreme court construed the legislative guidelines as expressly permitting upward departure based on age-related vulnerability of the victim, even where age is an inherent component of the crime. 678 So.2d at 332; see § 921.0016(3)(j), Fla.Stat. (1993). On the other hand, the guidelines expressly prohibit departure based on the victim's law enforcement status where the victim's status is an inherent feature of the crime. 678 So.2d at 332; § 921.0016(3)(h); see Hudson v. State, 672 So.2d 575 (Fla. 4th DCA), review denied, 678 So.2d 1288 (Fla. 1996).
Relevant to this case, the guidelines do not expressly permit departure based on "avoiding detection." Because efforts to avoid detection are an inherent component of the crime of leaving the scene, departure is impermissible on that basis alone under Mischler.

EFFORTS TO COVER UP CRIME
While avoiding detection is an inherent feature of the crime of leaving an accident, efforts to cover up a crime are also common to all crimes. In Smith v. State, 620 So.2d 187 (Fla.1993), our supreme court held that a defendant's efforts to cover up a crime do not justify a sentencing guidelines departure.[1]See also State v. Varner, 616 So.2d 988 (Fla.1993). The continued vitality of Smith's blanket pronouncement must be examined, however, in light of the 1994 guidelines, which provide that a valid reason to upwardly depart include that:
The offense committed was committed in order to prevent or avoid arrest, to impede or prevent prosecution for the conduct underlying the offense, or to effect an escape from custody.
§ 921.0016(3)(o); see Fla.R.Crim.P. 3.990(b).
In this case, neither subsection 921.0016(3)(o) nor rule 3.990(b) apply. The "offense" as set forth in subsection 921.0016(3)(o) refers to the primary charge, which in this case is leaving the scene of the accident, not lying to the police or persuading his wife to do so. Because the trial court based its departure from the guidelines solely *648 on the cover-up activity which followed the primary offense of leaving the scene of the accident, the departure cannot be justified based on this subsection.
Because the reasons given by the trial court do not fit within subsection 921.0016(3)(o) of the 1994 guidelines, Smith remains applicable. If the legislature had intended to overrule Smith, it would have drafted subsection 921.0016(3)(o) more expansively.
We can certainly appreciate the trial court's desire to depart from the guidelines. A person who leaves the scene of an accident may effectively avoid a prosecution for DUI or even manslaughter. If the trial court had stated as its departure reason that the primary offense of leaving the scene had been committed to avoid arrest for DUI or manslaughter, departure may have been permissible under subsection 921.0016(3)(o). In this case, however, the trial court focused its attention on the cover-up activities following the primary offense and did not indicate either at sentencing or in the written order that departure was based on subsection 921.0016(3)(o).[2]

CONDUCT PART OF SEPARATE OBSTRUCTION CONVICTION
We focus, as did the trial court, on the affirmative acts, beyond simply avoiding detection, that defendant took by lying to the police and by involving his wife in such lying. However, these separate, affirmative cover-up efforts formed part of the factual basis for the separate misdemeanor obstruction charge, for which defendant was convicted and sentenced.
These efforts also formed the basis for charging defendant's wife separately with obstruction of a police officer. The conduct that results in separate criminal charges and punishments cannot also constitute a basis for upward departure for leaving the scene of an accident. See Hudson.

CONDUCT PART OF UNCHARGED CRIMINAL CONDUCT
Finally, to the extent that the trial court's departure reasons refer to defendant's efforts to suborn perjury by involving his wife in his cover-up efforts and lying under oath to police, Varner controls. In Varner, our supreme court held that departure may not be based on conduct which could have, but has not yet, resulted in a criminal conviction. 616 So.2d at 988-89.
The Varner court found that threats to a witness or witness tampering do not support a departure sentence. "If the state wishes to punish such collateral misconduct, the proper method is to separately charge and convict." Id. at 989. Varner has not been modified by the 1994 sentencing guidelines. Here, the separate crime of subornation of perjury is uncharged and, pursuant to Varner, may not be the basis for an upward departure sentence for the crime of leaving the scene of the accident.

CONCLUSION
Because the trial court's stated reasons did not justify a departure under either the legislative guidelines or existing case law, we conclude that the trial court erred in imposing a departure sentence. Efforts to cover up a crime are addressed only in subsection 921.0016(3)(o), which subsection is inapplicable as a departure reason in this case. The reasons given otherwise involved conduct for which defendant was simultaneously convicted and punished or uncharged collateral criminal conduct. Accordingly, we reverse the sentence and remand for resentencing within the guidelines.
POLEN, J., and TAYLOR, CAROLE Y., Associate Judge, concur.
NOTES
[1] In Smith v. State, 620 So.2d 187 (Fla.1993), the supreme court quashed the opinion of the first district in Smith v. State, 604 So.2d 944 (Fla. 1st DCA 1992), answering the following certified question in the negative: "Do defendant's efforts to cover up a crime allow sentencing guidelines departure?"

In deciding Smith, the first district had relied on that court's opinion in Everage v. State, 504 So.2d 1255 (Fla. 1st DCA 1986), review denied, 508 So.2d 13 (Fla.1987). Thus, Everage, which was relied on by the trial court here, was overruled by the supreme court's decision in Smith.
[2] The primary offenses to which the sentencing guidelines apply are uniformly felonies of the third-degree or above; departure sentences pertain to felonies, not misdemeanors. See § 921.0012, Fla.Stat. (1995); Fla.R.Crim.P. 3.988. We note that if the crime of obstruction of a police officer without violence constituted a felony, rather than a misdemeanor, and if the trial court had imposed a departure sentence on the basis of that crime, departure would have been permissible based on the stated reasons pursuant to subsection 921.0016(3)(o). In that hypothetical situation, the primary offense of obstruction of justice would have been committed in order to prevent arrest or prosecution for the crime of leaving the scene of the accident.