714 So.2d 563 (1998)
Thomas PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1358.
District Court of Appeal of Florida, First District.
June 26, 1998.
*564 Nancy A. Daniels, Public Defender, Tracy M. Cheren, Assistant Public Defender, Tallahassee, for Appellant.
Robert Butterworth, Attorney General, and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, Judge.
Appellant Thomas Perry seeks review of an upward departure sentence. We affirm because the argument Perry makes in his appellate brief was not preserved for review.
The case below involved revocation of an earlier probationary term imposed in several cases. At sentencing, the guideline score sheets scored Perry at 22 months state prison. The State sought an upward departure and argued to the trial court that at the time he was placed on probation, Perry had misrepresented his identity, and had the State been aware of Perry's record under his correct name, he would have qualified for a more severe sentence. At the sentencing hearing, the trial court indicated he was imposing a departure sentence because Perry had engaged in a fraud upon the court by using a false name. In the written order, entered later, the court stated two reasons for the departure sentence: (1) Perry had perpetrated a fraud on the court by giving a false name when he originally appeared for sentencing before a previous judge in these cases; (2) Perry had showed no remorse for his criminal activity.
On appeal, Perry challenges both reasons as legally insufficient for departure. An appellate court is obliged to uphold a departure sentence if one of the reasons for the departure is valid, even if the remaining departure reasons are invalid. See § 921.001(6), Fla. Stat. (1995). In its brief the State has not addressed the propriety of the second departure reason, i.e. lack of remorse.
Appellant argues vigorously that the trial court was without authority to depart based upon appellant's use of an alias in the original sentencing proceeding. Perry cites Barr v. State, 674 So.2d 628 (Fla.1996) and State v. Varner, 616 So.2d 988 (Fla.1993). In Varner, the Supreme Court held that "departure may not be based on conduct that could have, but has not yet, resulted in a criminal conviction." 616 So.2d at 988-989. Were we to reach the merits, appellant's reliance upon these two cases is questionable because these cases were decided under the pre-1994 guidelines and the case law construing those guidelines. Specifically, Florida Rule of Criminal Procedure 3.701(d)(11) as it then existed, and was applied by the court in Varner, prohibited "departure based on an offense for which the defendant has not been convicted." 616 So.2d at 988. See also Barr v. State, 674 So.2d at 629. In the present criminal rules, the former language in Rule 3.701(d)(11) has been moved to (d)(18), and at least one significant change has been made:
Reasons for departing from the recommended guideline sentence shall not include circumstances or factors relating to prior arrests without conviction or charged offenses for which convictions have not been obtained. (emphasis added).
In Capers v. State, the Supreme Court noted that "the 1994 sentencing guidelines supersede existing case law that conflicts with the purpose or principle of the new guidelines." *565 678 So.2d 330, 332 (Fla.1996). Nevertheless, the Fourth District Court of Appeal has stated that Varner was not modified by the 1994 sentencing guidelines, and thus, the separate crime of subornation of perjury that was uncharged may not be the basis for an upward departure. See Rendon v. State, 690 So.2d 645, 648 (Fla. 4th DCA 1997). We do not, however, reach the merits, because we conclude that the objection has not been preserved for appeal.
At sentencing, the trial court stated very clearly that he intended to depart because defendant had used an alias in the earlier cases and thus had misled the State and the court, and as a result, had received more lenient treatment. In response to the court's pronouncement of his departure rationale, defense counsel stated:
It's necessary for me at this time to object to the departure, for the reasons stated, for the record.
Counsel never apprised the court of the legal basis of her objection, nor did counsel refer the court to Varner or Barr. Moreover, upon receipt of the written order, counsel did not seek to preserve the point by filing a motion to correct the sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). See, e.g., Neal v. State, 688 So.2d 392, 396 (Fla. 1st DCA 1997) ("Any error in appellant's sentence might easily have been corrected, thereby avoiding expenditure of the time and money associated with this appeal, had he simply brought it to the trial court's attention pursuant to Florida Rule of Criminal Procedure 3.800(b), as amended by the supreme court effective July 1, 1996.... Because he failed to do so, his complaint about his sentence has not been preserved for appellate review.").
Although Perry argues in his brief that the foregoing objection clearly apprised the court of its now-asserted basis, we disagree. "An appeal cannot be taken from a judgement or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error." § 924.051(3), Fla. Stat. (1997). As used in this statute, "preserved" means "that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefore." § 924.051(1)(b), Fla. Stat. (1997). Here, the only objection made by the defense at sentencing pertained to whether the trial court had accurately and factually stated the circumstances surrounding Perry's use of an alias and earlier sentencing. This is made abundantly clear by the comments made by Mr. Perry himself just moments after defense counsel's objection. Referring to the trial court's perception about confusion concerning his identity, Perry stated: "[T]hey knew who I was. And they always have known who I am. And right here on the arrest affidavit, it has my name. My name is legally Thomas Perry. It has my DOC number. I haven't been trying to play games with anybody." The trial court then stated that he disagreed with Perry's characterization. Defense counsel then argued to the trial court that the facts concerning her client's name appeared in the court file: "It's in the court record in the probable cause affidavits which do show: a/k/a Corry Perry. So that's in the court records, and that can be referred to on appeal." We find that the objection articulated to the departure had to do solely with the accuracy of the facts surrounding Mr. Perry's use of an alias and not with the argument now raised on appeal, i.e. that existing case law prohibited an upward departure based upon "conduct that could have, but has not yet, resulted in a criminal conviction." Varner, 616 So.2d at 988-989.
The sentencing error raised on appeal is unpreserved. Appellant does not argue that the error is fundamental. Accordingly, the conviction and sentence is AFFIRMED.
BARFIELD, C.J., and JOANOS, J., concur.