717 So.2d 625 (1998)
STATE of Florida, Appellant,
v.
Harold Lloyd BROWN, Jr., Appellee.
No. 98-719.
District Court of Appeal of Florida, Fifth District.
September 25, 1998.
*626 Robert A. Butterworth, Attorney General, Tallahassee and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Stephanie H. Park, Assistant Public Defender, Daytona Beach, for Appellee.
PER CURIAM.
The State appeals the downward departure sentence for offenses committed August 9, 1997. We reverse.
In departing, the trial court found two mitigating factors. First, the court indicated that it departed because Brown required specialized treatment for his addiction and was amenable to treatment. The legislature has eliminated this reason for departure for crimes occurring after July 1, 1997. § 921.0016(4)(d), Fla. Stat. (1997); Ch. 97-194, § 41, Laws of Fla.
Secondly, the trial court departed on the basis that the capacity of Brown to appreciate the criminal nature of his conduct or to conform that conduct to the requirements of the law was substantially impaired, drawing from the language in paragraph (4)(c) of section 921.0016, Florida Statutes (1997). Evidently, the trial court made the determination, as argued by defense counsel, that Brown was impaired due to his addiction to drugs. This basis was improper because "[a] defendant's substance abuse or addiction, including intoxication at the time of the offense... does not, under any circumstances, justify a downward departure from the sentence recommended under the sentencing guidelines." § 921.0016(5), Fla. Stat. (1997).
Upon remand, a departure sentence may not be reimposed. Shull v. Dugger, 515 So.2d 748 (Fla.1987). A guidelines sentence must be imposed, or alternatively, Brown may withdraw his plea. State v. McGriff, 698 So.2d 331 (Fla. 2d DCA 1997).
REVERSED and REMANDED.
GOSHORN, PETERSON and ANTOON, JJ., concur.