728 So.2d 777 (1999)
STATE of Florida, Appellant,
v.
Freddie SANDERS, Appellee.
No. 98-01454
District Court of Appeal of Florida, Second District.
February 19, 1999.
*778 Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellee.
PER CURIAM.
The State appeals the downward departure sentence that the trial court imposed upon Freddie Sanders after Sanders pleaded guilty to possession of cannabis, driving with suspended license, felony petit theft, and resisting arrest without violence. We reverse.
The State correctly argues that the trial court erred by departing on the basis that the capacity of Sanders to appreciate the criminal nature of his conduct or to conform his conduct to the requirements of law was substantially impaired based on his substance abuse. See State v. Brown, 717 So.2d 625 (Fla. 5th DCA 1998). Section 921.0016(5), Florida Statutes (1997), prohibits departure on this basis. However, Sanders is correct that he should be given credit for time served on community control because it was not his fault that the trial court imposed an illegal sentence. See Fraser v. State, 602 So.2d 1299, 1300 (Fla.1992).
Reversed and remanded.
WHATLEY and SALCINES, JJ., Concur.
PARKER, C.J., Concurs specially.
PARKER, Chief Judge, Concurring.
I concur with the majority. I write separately to discuss any resentencing of Sanders. Sanders concedes that the trial court based its departure on an invalid reason, but argues that upon remand the trial court may depart again based on valid reasons. I disagree. Sanders should be allowed to withdraw his plea, but upon any resentencing for the same crimes involved in this appeal, I conclude that the trial court must sentence him within the guidelines. In Shull v. Dugger, 515 So.2d 748, 750 (Fla.1987), the supreme court stated:
We believe the better policy requires the trial court to articulate all of the reasons for departure in the original order. To hold otherwise may needlessly subject the defendant to unwarranted efforts to justify the original sentence and also might lead to absurd results. One can envision numerous resentencings as, one by one, reasons are rejected in multiple appeals. Thus, we hold that a trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court.
This court followed Shull in Patten v. State, 531 So.2d 203 (Fla. 2d DCA 1988), concluding that a trial court, after a reversal by this court for an invalid departure sentence, was prohibited from providing any new reasons to exceed the original recommended sentence. Therefore, it is very important that the prosecutor and the defense attorney at the original sentencing make the *779 trial court aware of all factors that might support a departure sentence.
There are two situations where I conclude that this court would affirm a departure sentence following a reversal for an invalid departure sentence. The first is where the trial court was not aware that it had imposed a departure sentence, and accordingly, did not give any reasons for departure. See Garcia v. State, 632 So.2d 690, 690 (Fla. 2d DCA 1994). The second scenario would be that upon remand the State amends the charges and then the defendant either is tried or enters a plea to the new charges. I conclude that this scenario would create entirely new charges and might change the factors to be considered in a departure sentence.[1] However, I conclude that in a case remanded to the trial court following a determination by this court that the reasons stated by the trial court for departure were invalid, Shull requires, following a trial or a new plea to the same crimes, that the sentence must be within the sentencing guidelines without the opportunity for the trial court to again depart with new reasons.
NOTES
[1] Following reversal of an invalid departure sentence, I realize that the prosecutor and the defense may plea bargain for a departure sentence listing new reasons. However, if any appeal was taken from that sentence, the appeal would be dismissed pursuant to section 924.051(3), Florida Statutes (Supp.1996).