738 So.2d 987 (1999)
STATE of Florida, Appellant,
v.
Elias Eci O'DORLE, Appellee.
No. 98-02473.
District Court of Appeal of Florida, Second District.
July 9, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellant.
Nick J. Sinardi, Tampa, for Appellee.
BLUE, Judge.
The State appeals the downward departure sentences that Elias O'Dorle received over the State's objection. The sentencing judge gave two reasons for the departure sentences. Because neither was a valid departure reason in this case, we reverse.
The first reason, "the capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired," was based on O'Dorle's substance abuse problems. The basis for this reason was improper because "[a] defendant's substance abuse or addiction... does not, under any circumstances, justify a downward departure from the sentence recommended under the sentencing guidelines." § 921.0016(5), Fla. Stat. (1997). See State v. Sanders, 728 So.2d 777 (Fla. 2d DCA 1999); State v. Brown, 717 So.2d 625 (Fla. 5th DCA 1998). O'Dorle's offensesfour residential burglaries occurred after the effective date of the above-referenced statute.
The second departure reason, "the need for payment of restitution to the victim outweighs the need for a prison sentence," is not supported by the record. See Banks v. State, 24 Fla. L. Weekly S177, 732 So.2d 1065 (Fla.1999) (reiterating two-step process for deciding when to depart from the guidelines). The amount of restitution was minoronly $112.62. We conclude that the need for restitution in this case does not outweigh the need for imprisonment.
Accordingly, we reverse the departure sentences. It is not clear from the record *988 whether the pleas were negotiated with the court or were "open" pleas. If the pleas were "negotiated," on remand, O'Dorle should be given an opportunity to withdraw his pleas.
Departure sentences reversed and the cases remanded for further proceedings.
THREADGILL, A.C.J., and FULMER, J., Concur.