814 So.2d 1117 (2002)
STATE of Florida, Appellant,
v.
Willie SHORTER, Appellee.
No. 4D01-427.
District Court of Appeal of Florida, Fourth District.
April 3, 2002.
Robert A. Butterworth, Attorney General, Tallahassee and Consuelo Maingot, Assistant Attorney General, Fort Lauderdale, for appellant.
No appearance for appellee.
MAY, J.
The State appeals the defendant's downward departure sentence, which the trial court imposed in an attempt to fashion a sentence that would place the defendant in a long-term residential treatment program. Due to the lack of clarity in the record, we reverse.
Defendant entered an open plea to the charges of grand theft, possession of cocaine, possession of cannabis in excess of twenty (20) grams, resisting arrest without violence, and driving without a valid driver's license. Defense counsel requested a downward departure sentence and placement of the defendant in a residential drug treatment program based upon his admitted drug problem and psychological problem.
Mr. Adelstein [defense counsel]: The court has the discretion under the '95 guidelines to depart because of the psychological problem, if the Court so deems and the drug problem.
The Court: The Court does exercise its discretion in that way. At one time I was familiar with what this psychological report said, which is that a residential drug treatment program is recommended. That he has been unable to *1118 stop on an outpatient basis but expresses the willingness to receive treatment.
The State then added:
Mr. Hager: If I may, Judge, because in my experience in dealing with mitigating circumstances for departure as far as one of the reasons for mitigating circumstances, it says defendant requires different or specialized diet [sic?] for a particular condition. Is that a reason why you are departing?
The Court: Yes. I suppose those are what is required for his treatment.
. . . .
Mr. Adelstein: There are a couple of reasons the Court could depart. Number one, based upon the psychological report in the Court files, the capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirement of law was substantially impaired, is a valid reason. The Court: The Court finds that to be a reason.
But then, the Court subsequently added: The Court: The Court stops and recedes from it's [sic] announcement as to the other reason feeling it to be sufficient but it's not one that's given as a basis of this sentence.
Neither the record on appeal nor the docket sheet contains the psychological report relied upon by the Court for this departure sentence. The State correctly argues that "a defendant's substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (4) and does not, under any circumstance, justify a downward departure from the sentence recommended under the sentencing guidelines." Clearly, the sentence imposed included residential drug treatment, which would appear to indicate that the defendant's substance abuse was the basis for the court's departure. If this is the basis for the departure, it is an invalid one and cannot stand. State v. Brown, 717 So.2d 625 (Fla. 5th DCA 1998). However, the record also indicates that a psychological report was part of the court record, was in the hands of the prosecutor during the plea and sentencing, and was referred to by the court. If that report contains a basis, other than substance abuse, upon which the trial court relied in downwardly departing, then this basis must be clearly stated on the record, preferably in written findings, to sustain the trial court's decision. Pease v. State, 712 So.2d 374 (Fla. 1997).
This Court has previously reversed and remanded a case to the trial court to clarify the basis for departing from a guidelines sentence. Abt v. State, 560 So.2d 334 (Fla. 4th DCA 1990). Indeed, "[a]n appellate court is obliged to uphold a departure sentence if one of the reasons for the departure is valid, even if the remaining departure reasons are invalid." Perry v. State, 714 So.2d 563, 564 (Fla. 1st DCA 1998). Given this record, we are unable to discern if a valid reason exists.
There is discussion of a psychological problem, and even the State discusses the psychological report and the capacity of the defendant to appreciate the criminal nature of the conduct. In addition, there is reference to some "specialized diet for a particular condition." More confusion occurs when the trial court retreats from a stated reason, which is unidentified.
The case is reversed and remanded for resentencing. At that time, the trial court may clearly articulate the basis for its original departure sentence. As we explained above, if the trial court's reason was limited to the defendant's substance abuse or addiction, it cannot be upheld. State v. Brown, 717 So.2d 625 (Fla. 5th DCA 1998). If, however, the psychological *1119 report provides competent, substantial evidence to support the trial court's departure on a basis other than substance abuse or addiction (i.e., mental disorder), then it must be clearly stated for the record. In no event may the trial court depart on some newly found grounds. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
REVERSED and REMANDED.
POLEN, C.J., and HAZOURI, J., concur.