PER CURIAM.
The state appeals the downward departure sentence imposed in this case. The trial court clearly stated its reasons for departure on the record, one of which was the appellant’s need for drug treatment. While the need for drug treatment alone would not be a proper basis for departure, State v. Shorter, 814 So.2d 1117 (Fla. 4th DCA 2002), the other reasons stated by the court to support its downward departure sentence are valid and are supported by competent substantial evidence received from testimony presented during the sentencing proceedings and in the record on appeal. “An appellate court is obliged to uphold a departure sentence if one of the reasons for the departure is valid, even if the remaining departure reasons are invalid.” Id. at 1118 (quoting Perry v. State, 714 So.2d 563, 564 (Fla. 1st DCA 1998)).
Only one issue requires further clarification. The state argues that the only agreement by the state below was for a sentence “in the guidelines range,” with a cap of ten years. Accordingly, the state maintains, the trial court’s departure sentence was in violation of the plea agreement and must be reversed, citing State v. Gitto, 731 So.2d 686 (Fla. 5th DCA 1998) (en banc), quashed on other grounds, Silas v. State, 781 So.2d 1082 (Fla.2001). In State v. Gitto, the court ruled,
[T]he trial court’s acceptance of a plea over the prosecutor’s objection is clear error which requires outright reversal of any sentence entered in reliance of such a plea....
Id. at 691.
We find the state’s reliance upon State v. Gitto is misplaced for the reason that the record before us fails to support the state’s position that the trial court was bound by a plea agreement calling for a sentence within the guidelines. We would agree that the terms of the plea agreement below were somewhat inartfully stated.[1] However, at no time do we find the prosecutor below advising the trial court that the plea agreement called for a sentence “in the guidelines range.” On the other hand, we find several statements by defense counsel, unchallenged by the prosecutor, referring to the range of sentencing as contemplating “anything from zero to ten years,” or words to that effect. Furthermore, the only “objection” by the prosecutor was at the final sentencing hearing, just after the court’s adjudication of guilt and just prior to the pronouncement of sentence. At that point the prosecutor stated,
If I may state for the record, the reason we’re pursuing prison for Mr. Fant and would object to anything below the guidelines is because based on the facts and circumstances of the cases, Mr. Fant was the more responsible party. He was also significantly older than the other person involved....
It is clear that the state’s objection to “anything below the guidelines” was based *647 on the “facts and circumstances” of the offenses, and not upon the terms and conditions of the plea agreement. The state had ample opportunity below, on four separate occasions, to assert the position it now maintains for the first time on appeal.
Accordingly, the conviction and sentence is affirmed.
ERVIN and BOOTH, JJ., SMITH, LARRY G., Senior Judge, concur.

. That there might have been some confusion below may be reflected in the statement found in Appellant’s Initial Brief: "The State thought Fant was pleading to a sentence in the guidelines range, not exceeding ten years. Defense counsel thought otherwise ...."