PER CURIAM.
Ivan Palmer appeals the judgment entered against him after a jury found him guilty of: I) possession of a firearm by a convicted felon; and II) carrying a concealed firearm. Palmer raises three points on appeal. Our resolution of his first point renders his second and third points moot. With reluctance, we reverse and remand for a new trial.
During Palmer’s trial the state introduced evidence Palmer was approached by two police officers, one of whom testified Palmer pulled a holstered gun from the waistband of his pants and pitched it into shrubbery before walking toward the officers with his hands raised. The second officer, Officer Downs, did not testify but was referred to by defense counsel in closing argument because she was asked to provide a report which contained the name of a previously unknown witness. Defense counsel argued the state failed to satisfy its obligation to make exculpatory evidence available to the defense, and referred to the fact Officer Downs was not called to testify. As the jury deliberated, and apparently occasioned by statements made during closing argument, the jury sent out a question asking: “Could the defense call Officer Downs as a witness?” Over defense objection, the trial court responded to the question by calling the jury into the courtroom and stating merely “yes.”
The facts of the case at bar are somewhat analogous to those of Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995). In Jones a juror inquired why nothing was presented regarding the defendant’s prior arrests or education, and the trial judge responded by stating: “[T]hat type of information doesn’t come out ... unless the Defendant takes the witness stand and testifies.... But he didn’t have to testify and no one could hold it against him because he didn’t testify.” Id. at 491. This court held the trial court’s response constituted reversible error because it appeared to link the defendant’s failure to testify with an attempt to keep unfavorable evidence from the jury. See id.
Here, the jury asked whether Palmer could have called another witness, in essence asking whether anything precluded Palmer from presenting the defense he wished to present. The trial court’s response, “yes,” was incomplete and could have been construed as indicating Palmer chose not to call Officer Downs in an effort to keep unfavorable evidence from the jury. The trial court could have responded to the jury’s question by informing the jury that either party in a criminal case may subpoena witnesses; however, even this more complete statement of the law should have been followed by a repetition of the burden of proof instruction. Without reinstructing the jury on the burden of proof, we are unable to say whether the court’s response in this case caused the jury to believe Palmer had a duty to call witnesses in his defense. The court’s single word response is also capable of being interpreted as a comment on the defense presented; an impermissible departure from the trial judge’s impartial role.
REVERSED and REMANDED.
DELL, POLEN and FARMER, JJ., concur.