751 So.2d 74 (1999)
STATE of Florida, Appellant,
v.
Benjamin James ARVINGER, Appellee.
No. 99-1066.
District Court of Appeal of Florida, Fifth District.
December 13, 1999.
Rehearing Denied February 4, 2000.
*75 Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellee.
W. SHARP, J.
The state appeals a downward departure sentence imposed on Arvinger after he pled guilty to charges in eight separate informations containing eight counts of possession of cocaine, seven counts of sale of cocaine and one count of carrying a concealed weapon. Although there is no guidelines scoresheet in the record, defense counsel told the court (without objection by the state attorney) that the guidelines sanction was eighty months incarceration. The court imposed a downward departure sentence of two years community control, a five hundred dollar fine and court costs. We reverse.
Arvinger was arrested on March 25, 1998, on charges that, over a period of time,[1] he sold cocaine to an undercover agent and possessed the contraband. One charge included carrying a concealed weapon, use or display of the weapon, and possession of drug paraphernalia. He pled not guilty on April 16, 1998, and demanded a jury trial.
An information containing the same charges was filed April 17, 1998, and an amended information was filed July 1, 1998. Arvinger pled not guilty to all counts and demanded a jury trial on April 20, 1998. A bond was set at $75,000. These proceedings were handled by Judge Sawaya and Judge Angel.
On April 13, 1999, Judge Swigert presided over a change of plea hearing. Defense counsel told the judge that this case had been "going on" for quite a time and he and his client wanted to get "closure." He explained he and the state attorney had not been able to work out a satisfactory plea bargain. He thought there were mitigating extrinsic circumstances and the state disagreed.
In any event, defense counsel stated his client wanted to plead guilty to all of the counts charged. During the hearing, Arvinger was never placed under oath, nor was his defense counsel. Arvinger agreed he wanted to plead guilty and he agreed to the basic statement of facts substantiating the charges against him.
Defense counsel then began to recite a number of reasons why the court should impose a departure sentence downwards in this case: Arvinger is 78 years old and a guidelines sentence would amount to a "death sentence;" he had already spent 7½ months in jail for these charges; Arvinger has to pay back $2,000 to social security and he owes his bondsman $2,000; Arvinger has numerous health problems consisting of being on heart medication for two prior heart attacks, he suffered several years before when he was in jail; arthritis in one leg; having an artificial stomach; and needing glasses and dental work. Defense counsel also urged that Arvinger had been grossly over-charged by the same undercover agent making too many controlled buys from him, which "ran up the score on him."
The state attorney objected that none of the reasons given were valid ones for a departure sentence. The court then urged defense counsel to "give me a legal reason to depart." He suggested "remorse and cooperation." The state attorney pointed *76 out that there had been no evidence that Arvinger cooperated whatsoever with the police, such as disclosing the sources of his cocaine supply.
The court then told defense counsel to come back to the court at 1:30 p.m., on the same day, with legal reasons "which will sustain an appeal in writing so I can administer a little justice to your client that won't be reversed." Defense counsel said, "I'll be back." The judge said, "Good." Defense counsel told his client (we assume): "Come back at 1:30, partner."
When the hearing was reconvened at 1:30 p.m., defense counsel produced section 921.0016, which codifies mitigating circumstances under which a departure sentence may be reasonably justified. Initially, he argued a departure could be based on a "legitimate uncoerced plea bargain." The court agreed. The state pointed out this provision does not apply since there was no plea bargain in this case.
Defense counsel then argued Arvinger had special physical needs, pointing to his age and health condition described above. The court agreed that Arvinger had physical disabilities. Defense counsel went on to say these needs could not be appropriately treated in prison. However, there was no evidence, other than defense counsel's unsworn statements, about the inability of Arvinger to receive adequate medical attention in prison, or that he was amenable to some treatment outside of prison to address his problems or conditions.
The court then prompted defense counsel: "Is he sorry that he did this?" Defense counsel asked his client: "You sorry you did it?" Arvinger replied (still not under oath): "Yes, sir." Based on that, the court said: "Okay, so the court finds he shows remorse." The state attorney pointed out remorse standing alone was an insufficient reason for departure.
The court did not place written reasons in the record for its departure sentence. However, written at the bottom of a clerk's record following the line "other special conditions of probation," for the first of eight cases, appears the notation "court finds defendant shows remorse." However, that document is not signed by the trial judge.
The sentencing hearing in this case is so replete with errors it is difficult to know where to begin. The oral reasons given by the trial judge at the hearing, assuming they could be used to support his departure sentence,[2] are either legally insufficient or completely unsupported by testimony or the record.[3] Defense counsel's unsworn statements concerning his client cannot serve as the basis for a departure sentence. See State v. Silver, 723 So.2d 381 (Fla. 4th DCA 1998). Nor is Arvinger's brief statement that he was sorry for what he did a sufficient basis to depart downward for remorse. See State v. Parker, 733 So.2d 1074 (Fla. 5th DCA 1999); State v. Bostick, 715 So.2d 298 (Fla. 4th DCA 1998); Silver; State v. Whiting, 711 So.2d 1212 (Fla. 2d DCA 1998). Further, the statutory mitigating factor which mentions remorse, subsection (j), requires additional findings that the offense was committed in an unsophisticated manner and was an isolated incident. Compare State v. McCloud, 721 So.2d 1188 (Fla. 5th DCA 1998); State v. Merritt, 714 So.2d 1153 (Fla. 5th DCA 1998); State v. Chandler, 668 So.2d 1087 (Fla. 1st DCA 1996).
Continuing with the errors committed at the hearing, the departure sentence clearly did not result from a legitimate uncoerced plea bargain, so 921.0016(a) was not applicable as a basis for departure. Nor was there evidence presented to sustain a departure under 921.0016(d)that Arvinger required specialized treatment for a physical disability, or that he was amenable to *77 treatment outside prison. Due to Arvinger's age and bad health, this may have been a potential ground for departure,[4] but it was not proven by competent evidence. See Bostick; State v. Honiker, 675 So.2d 681 (Fla. 2d DCA 1996); State v. Herrick, 691 So.2d 540 (Fla. 5th DCA 1997). Finally, although 921.0016(i) provides that "cooperation" with the state or prosecution may serve as a mitigating factor, in this case there was no evidence Arvinger cooperated with the state to resolve the offenses in any way, other than entering a guilty plea to all charges. That is not enough. State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985).
It also appears that the trial judge departed from his neutral decision-maker position and joined the defense team in an effort to find reasons to support a downward departure sentence. He even suggested possible areas of inquiry for defense counsel and directly questioned the defendant to bolster his finding of "remorse." These actions and attitudes are inappropriate and improper. See, generally, Williams v. State, 143 So.2d 484, 488 (Fla.1962). They deprive the parties of their right to a hearing presided over by a fair and impartial judge. Palmer v. State, 739 So.2d 644 (Fla. 4th DCA 1999); Reyes v. State, 547 So.2d 347 (Fla. 3d DCA 1989); Fla. R.Crim. P. 3.701(b)(1). On remand, this case should not be handled by Judge Swigert.
REVERSED; REMANDED for resentencing pursuant to the guidelines.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] January 27, 1998 to March 24, 1998.
[2] See Pease v. State, 712 So.2d 374 (Fla.1997) (failure to file written reasons not reversible error).
[3] See Green v. State, 662 So.2d 748 (Fla. 4th DCA 1995).
[4] See State v. Spioch, 706 So.2d 32 (Fla. 5th DCA 1998).