763 So.2d 506 (2000)
STATE of Florida, Appellant,
v.
Roger Lee BECK, Appellee.
No. 4D99-3710.
District Court of Appeal of Florida, Fourth District.
July 19, 2000.
*507 Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellant.
Michael J. Burley of Michael J. Burley, P.A., Tequesta, West Palm Beach, for appellee.
STONE, J.
We reverse Beck's downward departure sentence entered on his guilty plea to charges of felony driving under the influence and driving with a suspended license. The record supports the state's position that the trial court's reasons for departing from the sentencing guidelines were either legally insufficient or unsupported by the record.
The trial court listed five reasons for departure: (1) a legitimate, uncoerced plea bargain; (2) the capacity of the defendant to appreciate the criminal nature of his conduct or to conform that conduct *508 to the requirements of law was substantially impaired; (3) the defendant requires specialized treatment for addiction and is amenable to treatment; (4) the defendant cooperated with the state to resolve the current offense or any other offense; and (5) the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
As to the first ground, a plea bargain contemplates an "agreement" between the state and the defendant which is approved by the court. See Fla. R.Crim. P. 3.171. Here, the plea was not entered pursuant to a plea agreement. Therefore, it was error for the trial court to depart from the guidelines on this basis. See also State v. Arvinger, 751 So.2d 74 (Fla. 5th DCA 1999); State v. McCarthy, 502 So.2d 955, 956 (Fla. 2d DCA 1987).
Next, departing on the basis of impairment is prohibited by section 921.0016(5), Florida Statutes, which provides:
A defendant's substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (4) and does not, under any circumstances, justify a downward departure from the sentence recommended under the sentencing guidelines.
See also State v. O'Dorle, 738 So.2d 987 (Fla. 2d DCA 1999); State v. Sanders, 728 So.2d 777 (Fla. 2d DCA 1999); State v. Brown, 717 So.2d 625 (Fla. 5th DCA 1998).
The third ground for departure was based on Beck's need for alcohol treatment. Under section 921.0016(4)(d), Florida Statutes, a departure sentence is reasonably justified where the defendant requires specialized treatment for a mental disorder that is "unrelated to substance abuse or addiction." As the section specifically excludes treatment for substance abuse or addiction, the trial court erred in departing from the sentencing guidelines on this basis. See also State v. Ford, 739 So.2d 629 (Fla. 3d DCA 1999).
The fourth ground for departure was that Beck cooperated with the state. There is no indication by the state that Beck should be credited in this regard. Further, we note that the only evidence of cooperation is Beck's admission of guilt incident to his plea. This is not sufficient cooperation for a departure. See Arvinger, 751 So.2d at 76; State v. Collins, 482 So.2d 388, 389 (Fla. 5th DCA 1985).
The final ground for departure given by the trial court was that the offense was committed in an unsophisticated manner for which the defendant has shown remorse. In State v. Warner, 721 So.2d 767 (Fla. 4th DCA 1998), rev. granted, 732 So.2d 328 (Fla.1999), this court recognized that given the state's strong public policy against DUI, this reason for departure is not valid. We also note that drunk driving cannot be committed in an unsophisticated manner.
We have considered, and reject, the contention that the state's objections were not preserved. Therefore, we reverse the sentence and remand for re-sentencing.
WARNER, C.J. and GLICKSTEIN, HUGH S., Senior Judge, concur.