780 So.2d 269 (2001)
STATE of Florida, Appellant,
v.
Robert Thomas CLAY, Appellee.
No. 5D00-1357.
District Court of Appeal of Florida, Fifth District.
March 2, 2001.
*270 Robert A. Butterworth, Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellee.
SAWAYA, J.
The State appeals the downward departure sentence imposed on the Appellee, who was charged, for the second time, with violation of probation. Appellee was originally placed on probation for substantive offenses he committed on August 18, 1998. He admitted the second violation, which is the subject of the instant appeal, without the benefit of a plea agreement. The trial court held a sentencing hearing where the State advised the court that the guidelines scoresheet reflected a recommended range of sentence between twenty-eight to forty-six months' incarceration. The State argued for a minimum guidelines sentence.
The Appellee requested a downward departure arguing that he relapsed while in a drug rehabilitation program he was ordered to attend as part of his prior sentence for violation of probation and that he needed to return to the program for continued treatment. The State opposed a downward departure arguing that the need for drug treatment was not a legal reason to depart from the guidelines. The trial court, nonetheless, sentenced Appellee to a suspended term of incarceration for thirty-six months, conditioned upon successful completion of three years of probation, two of which included drug offender treatment. This sentence constitutes a true split sentence. State v. Powell, 703 So.2d 444 (Fla. 1997). Because the prison sentence is suspended, the sentence falls below the guidelines and is treated as a downward departure sentence. State v. Henriquez, 717 So.2d 1087 (Fla. 3d DCA 1998). The State objected to the sentence at the time it was imposed.
The Appellee argues that the State failed to preserve for review the issue of the validity of the departure sentence because it failed to make a timely and specific objection when the sentence was imposed. In order to properly preserve an issue for appellate review, the issue "must be timely raised and ruled on by the trial court" and "it must be sufficiently precise that it fairly appraises the trial court of the relief sought and the grounds for the objection." State v. Amodeo, 750 So.2d 664, 667 (Fla. 5th DCA 1999).
The transcript of the sentencing hearing reveals that the State specifically argued to the trial judge that the grounds advanced by the Appellee for departure were not valid. The trial court apparently rejected that argument and imposed the departure sentence, at which time the State objected. Based on the record before us, we find that the objection was timely and that the argument the State made against departure, coupled with the subsequent objection, fairly appraised the trial court of the specific grounds for the objection. We conclude, therefore, that the State properly preserved the issue of the validity of the departure sentence for review by this court. Next we must determine whether the departure sentence is valid.
The decision to depart from the guidelines is a two-part process. Banks v. State, 732 So.2d 1065 (Fla.1999); State v. Schillaci, 767 So.2d 598 (Fla. 4th DCA 2000). First, the trial court must decide whether it can depart by determining whether "there is a valid legal ground and adequate factual support for that ground in the case pending before it." Banks, 732 So.2d at 1067. This decision will be affirmed on appeal if the reason provided by the trial judge is valid and supported by competent substantial evidence. Banks; Schillaci. The second step requires the trial court to determine "whether departure is indeed the best sentencing option for the defendant...." Banks, 732 So.2d *271 at 1068. The trial court is afforded considerable discretion in making this decision and it will be reversed only if the appellate court finds the trial court abused its discretion. Banks; Schillaci.
Because a true split sentence constitutes a downward departure sentence, we must first determine whether a valid ground exists for the departure. See Powell, 703 So.2d at 446 ("As long as there exists a valid reason for a downward departure, a trial court may impose a true split sentence in which the entire period of incarceration is suspended. A trial court may also impose a true split sentence in which the period of community control and probation is shorter than the suspended portion of incarceration."); see also Disbrow v. State, 642 So.2d 740 (Fla.1994) (holding that although split sentences may constitute legal sentences, they are not exempt from the sentencing guidelines and may constitute a downward departure requiring written reasons); State v. White, 755 So.2d 830 (Fla. 5th DCA 2000) (holding that a sentence of thirty-five months in prison suspended upon completion of five years of probation is a downward departure sentence from the guidelines requiring sufficient reasons for the departure); State v. Bray, 738 So.2d 962 (Fla. 2d DCA 1999).
The reason for departure argued at the sentencing hearing was that Appellee was amenable to and needed treatment for his drug addiction. However, the Legislature eliminated this reason for departure for crimes occurring after July 1, 1997. State v. Falocco, 730 So.2d 765 (Fla. 5th DCA 1999); State v. Norris, 724 So.2d 630 (Fla. 5th DCA 1998); State v. Brown, 717 So.2d 625 (Fla. 5th DCA 1998) (citing section 921.0016(4)(d), Florida Statutes (1997); Chapter 97-194, section 41, Laws of Florida); see also State v. Beck, 763 So.2d 506 (Fla. 4th DCA 2000). Since the offense in the instant case occurred after that date, the reason argued to the trial court for departure does not constitute a valid reason for a downward departure sentence. Id.
We are aware that a departure sentence must be upheld if any reason given by the trial judge is a valid reason for departure. See § 921.001(6), Fla.Stat. (1999). However, the trial court did not comply with the requirements that it pronounce its reasons for imposing a departure sentence orally and in writing,[1] and the Appellee presented no evidence that would constitute any valid reason for the downward departure sentence. Therefore, in the instant case, we need not proceed to the second step of the Banks two-part analysis because the record discloses no valid reason for departure. Thus we conclude that it was error for the trial court to impose the downward departure sentence in the instant case.
Accordingly, the Appellee's sentence is vacated and this matter remanded for resentencing within the guidelines. See State v. White, 755 So.2d 830 (Fla. 5th DCA 2000) (holding that sentence must be vacated and case remanded for resentencing within the guidelines because valid reasons for departure were not established); State v. Arvinger, 751 So.2d 74 (Fla. 5th DCA 1999).
SENTENCE VACATED; REMANDED FOR RESENTENCING.
PETERSON and PALMER, JJ., concur.
NOTES
[1] In order to impose a departure sentence, rule 3.703(d)(30), Florida Rules of Criminal Procedure, requires the trial court to orally state the reasons for departure at the time sentence is imposed and to provide a written statement setting forth those reasons within seven days after the date of sentencing. Written reasons for departure are also required by various statutory provisions. See, e.g., § 921.001(6), Fla.Stat. (1997); § 921.0016(1)(c), Fla.Stat. (1997). If the trial court fails to provide the written reasons, appellate courts may, nevertheless, affirm the sentence if the trial court orally pronounced the reasons for departure at the time of sentencing. See Pease v. State, 712 So.2d 374 (Fla.1997).