805 So.2d 918 (2001)
STATE of Florida, Appellant,
v.
Paul VanBEBBER, Appellee.
No. 2D00-4857.
District Court of Appeal of Florida, Second District.
October 26, 2001.
*919 Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Bartow, for Appellant.
Joshua Faett and Rexford Darrow of Law Offices of Casassa, Mangone, Miller & Faett, Naples, for Appellee.
PER CURIAM.
The State appeals the downward departure imposed in this tragic case involving death and personal injury caused by drunken driving. We affirm but certify conflict with State v. Warner, 721 So.2d 767 (Fla. 4th DCA 1998), aff'd on other grounds, 762 So.2d 507 (Fla.2000); see also State v. Beck, 763 So.2d 506 (Fla. 4th DCA 2000).
On May 23, 1999, Paul VanBebber was driving home after a party at which he had consumed sufficient alcohol that his faculties were impaired. He failed to stop at a stop sign and collided with another vehicle that contained a family of six: two parents, a six-year-old son, a four-year-old daughter, a four-week-old daughter, and the father's brother who was visiting from Columbia. The three children suffered injuries and their uncle was killed in the crash. The State charged VanBebber with one count of DUI with property damage, three counts of DUI with personal injury, one of them with serious bodily injury, and one count of DUI/manslaughter.[1] VanBebber, exhibiting extreme and sincere remorse while recognizing his fault, pleaded nolo to all offenses as charged.
At the sentencing hearing, the trial court heard from members of the victim's family as well as VanBebber's, including VanBebber himself. Each side outlined the devastating effect the accident has had on the families. Defense counsel argued for a downward departure from the guidelines sentence of 175.9 to 240 months based on the statutory mitigator of "offense *920 was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." § 921.0026(2)(j), Fla. Stat. (Supp.1998). The trial court agreed that the evidence fulfilled the requirements of section 921.0026(2)(j) and imposed a downward departure. It sentenced VanBebber to 200 months' incarceration for the counts of DUI/manslaughter and DUI with serious personal injury, but suspended it upon completion of fifteen years' probation with special conditions.[2] The State does not dispute that the evidence presented at the sentencing hearing supported the mitigator, although the trial court did observe with some puzzlement that it was unsure how one would commit this crime in a sophisticated manner. The State objected to the downward departure, thus preserving this issue, which it then appealed.
The State argues that we should follow the Fourth District in its holding that this statutory mitigator is not available in DUI cases due to the State of Florida's strong public policy in curbing DUI offenses. Warner, 721 So.2d at 769. We decline to do so for the following reasons. First, section 921.0026, which lays out certain mitigating circumstances, states unequivocally: "This section applies to any felony offense, except any capital felony, committed on or after October 1, 1998." There is no exception provided for DUI offenses, as was done for a capital felony. Thus, the legislature did not preclude mitigation if the crime is DUI and was an isolated incident, committed in an unsophisticated manner, for which the defendant has shown remorse. We must, of course, strictly construe penal statutes. State v. Rife, 789 So.2d 288 (Fla.2001).
The second reason relates to the public policy factor. Like the Fourth District, we are not unmindful of, and also endorse in the strongest of terms, the public policy that seeks to eradicate the scourge of drunken driving in our society. Without going into details, this case is a prime example of the awful effects it can have on numerous lives. However, we are confident that the legislature is equally aware of this public policy; indeed it promulgates this policy, as seen, for example, in section 921.0026(3), where the legislature precluded intoxication, itself, as a mitigator. Cognizant of this public policy, the legislature still did not exempt DUI crimes from application of section 921.0026(2)(j). We may not do so in its stead. We recognize that the constitutional policy of separation of powers requires that only the legislature may legislate; we shall not judicially legislate and interpret the law to negate the clear language used by the legislature. Holly v. Auld, 450 So.2d 217 (Fla.1984).
Our conclusion is buttressed by the supreme court's holding in State v. Sachs, 526 So.2d 48 (Fla.1988), where, before the current Florida Criminal Punishment Code was instituted, effective October 1, 1998,[3] the supreme court found that the manner of committing the offense, the fact that it was an isolated incident, and the fact that the defendant has shown remorse were all valid reasons for a downward departure in *921 a DUI case. The legislature clearly adopted these valid downward departure reasons by codifying them in section 921.0026 without further limitation except as to capital felonies.
We certify that our decision that the mitigator contained in section 921.0026(2)(j), Florida Statutes (Supp. 1998), is available to support a downward departure from a sentence for a DUI conviction is in conflict with State v. Warner, 721 So.2d 767 (Fla. 4th DCA 1998). We affirm the downward departure sentence in this case because there was sufficient evidence to support the downward departure reason.
NORTHCUTT and CASANUEVA, JJ., Concur.
ALTENBERND, A.C.J., Concurs with opinion.
ALTENBERND, Acting Chief Judge, Concurring.
I fully concur in the court's opinion. I write to encourage the legislature to consider authorizing more discretion for trial courts to impose adequate alternative punishments for DUI manslaughter. The victim injury points that are automatically included in a scoresheet for this offense always result in a lengthy prison sentence. There are some occasions when it is not a wise expenditure of tax dollars to impose lengthy prison terms for this offense.
Mr. VanBebber is twenty-five years old. At the time of this offense, he was employed as a plumber. He has a wife and an infant child. He has no criminal record. Mr. VanBebber has never previously been arrested for DUI. His driving record includes only a few minor traffic infractions. He had not had a drink for six months prior to the night of this accident. He had a blood alcohol level of about .16% at the time of the accident. He stopped at the scene and administered CPR to one of the victims. He pleaded guilty to these offenses with no promise as to the sentence he would receive. He is a religious man, who has repeatedly stated that he wishes that he could have been the person who died in this accident.
If Mr. VanBebber had run this stop sign with no other car in the intersection, the police would have arrested him for simple DUI. His likely penalty would have been a $500 fine. See § 316.193(2)(a), Fla. Stat. (2000). He was not so fortunate. There is no denying that the tragedy for his victims cannot be described in words or measured by days in prison. But it is the injuries in this automobile accident alone that have caused his recommended penalty to jump from a $500 fine to twenty years' imprisonment. Twenty years' imprisonment for this man would cost Florida's taxpayers nearly $1,000,000. His wife and child would have no one to support them. Given that this crime is primarily the result of terribly bad judgment rather than an evil criminal mind, one questions whether this is the best way to deter future offenses or punish Mr. VanBebber.
The sentence actually imposed in this case will force Mr. VanBebber to spend 600 hours over the next fifteen years repeatedly telling teenagers how he killed Ivan Bjazevic. Over and over again, he will be forced to relive in his own words the awful consequences of his bad judgment. Without a driver's license, it seems highly unlikely that this religious man will ever drive intoxicated again. With some luck, maybe his story will encourage a few teenagers to avoid the conduct that created victims in this case.
I might prefer a system that allowed trial judges the option to imprison defendants like Mr. VanBebber every weekend for twenty years. The current system, *922 however, incarcerates people who are not always dangerous to society. I suspect that the tax dollars that we are spending on incarceration due to mandatory victim injury points could be used more effectively in other programs addressing the very serious and real problem of DUI.
NOTES
[1] § 316.193(c)(1)-(3), Fla. Stat. (Supp.1998).
[2] The special conditions of probation were: one year in Collier County jail on the remaining counts consecutive, with a 24 hour furlough at Christmas; no possession or use of any form of alcohol, controlled substance, or unprescribed medication; random drug and alcohol screens; forty hours of community service each year with groups involved in preventing teenage alcohol consumption; permanent loss of driver's license; restitution; court costs and fines; the costs of supervision were waived until the restitution and court costs were paid.
[3] Ch. 97-194, §§ 2-8, at 3674-98, Laws of Fla., amended by ch. 98-204, §§ 2-8, at 1935-64, Laws of Fla.