848 So.2d 1046 (2003)
STATE of Florida, Petitioner,
v.
Paul VanBEBBER, Respondent.
No. SC01-2558.
Supreme Court of Florida.
May 8, 2003.
Rehearing Denied August 25, 2003.
*1047 Charles J. Crist, Jr., Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Ronald Napolitano, Assistant Attorney General, Tampa, FL, for Petitioner.
Joshua Faett and Rexford Darrow of the Law Offices of Casassa, Mangone, Miller and Faett, Naples, FL, for Respondent.
PER CURIAM.
We have for review the decision in State v. VanBebber, 805 So.2d 918 (Fla. 2d DCA 2001), which certified conflict with the decision in State v. Warner, 721 So.2d 767 (Fla. 4th DCA 1998), approved on other grounds, 762 So.2d 507 (Fla.2000), on the issue of whether the mitigator in section 921.0026(2)(j), Florida Statutes (Supp. 1998), is available to support a downward departure from a sentence for a driving under the influence (DUI) conviction. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons explained below, we hold the mitigator in section 921.0026(2)(j) is available to support a downward departure from a sentence for a felony DUI conviction. Accordingly, we approve the Second District's decision in VanBebber, and disapprove Warner to the extent it conflicts with this decision.

BACKGROUND
The Second District summarized the facts of this case as follows:
On May 23, 1999, Paul VanBebber was driving home after a party at which he had consumed sufficient alcohol that his faculties were impaired. He failed to stop at a stop sign and collided with another vehicle that contained a family of six: two parents, a six-year-old son, a four-year-old daughter, a four-week-old daughter, and the father's brother who was visiting from Columbia. The three children suffered injuries and their uncle was killed in the crash. The State charged VanBebber with one count of DUI with property damage, three counts of DUI with personal injury, one of them with serious bodily injury, and one count of DUI/manslaughter. VanBebber, exhibiting extreme and sincere remorse while recognizing his fault, pleaded nolo to all offenses as charged.
At the sentencing hearing, the trial court heard from members of the victim's family as well as VanBebber's, including VanBebber himself. Each side outlined the devastating effect the accident has had on the families. Defense counsel argued for a downward departure from the guidelines sentence of *1048 175.9 to 240 months based on the statutory mitigator of "offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." § 921.0026(2)(j), Fla. Stat. (Supp.1998). The trial court agreed that the evidence fulfilled the requirements of section 921.0026(2)(j) and imposed a downward departure. It sentenced VanBebber to 200 months' incarceration for the counts of DUI/manslaughter and DUI with serious personal injury, but suspended it upon completion of fifteen years' probation with special conditions. The State does not dispute that the evidence presented at the sentencing hearing supported the mitigator,[[1]] although the trial court did observe with some puzzlement that it was unsure how one would commit this crime in a sophisticated manner. The State objected to the downward departure, thus preserving this issue, which it then appealed.
VanBebber, 805 So.2d at 919 (footnotes omitted). The Second District affirmed the decision of the trial court and held the mitigator in section 921.0026(2)(j) is available to support a downward departure from a sentence for a DUI conviction, but certified conflict with Warner on this issue. See VanBebber, 805 So.2d at 921.

DISCUSSION
Section 921.0026 is part of the Florida Criminal Punishment Code[2] and provides, in relevant part:
921.0026 Mitigating circumstances.This section applies to any felony offense, except any capital felony, committed on or after October 1, 1998.
(1) A downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to s. 921.0024, is prohibited unless there are circumstances or factors that reasonably justify the downward departure. Mitigating factors to be considered include, but are not limited to, those listed in subsection (2). The imposition of a sentence below the lowest permissible sentence is subject to appellate review under chapter 924, but the extent of downward departure is not subject to appellate review.
(2) Mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified include, but are not limited to:
. . . .
(j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
. . . .
(3) The defendant's substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (2) and does not, under any circumstances, justify a downward departure from the permissible sentencing range.
§ 921.0026, Fla. Stat. (Supp.1998). In concluding that the mitigator in section 921.0026(2)(j) is available to support a downward departure from a sentence for a DUI conviction, the Second District reasoned: (1) section 921.0026 states unequivocally, *1049 "This section applies to any felony offense, except any capital felony, committed on or after October 1, 1998," and (2) cognizant of the public policy against drunk driving, the Legislature still did not exempt DUI crimes from application of section 921.0026(2)(j). VanBebber, 805 So.2d at 920.[3]
We agree with the Second District's reasoning. Section 921.0026 plainly states, "This section applies to any felony offense, except any capital felony, committed on or after October 1, 1998."[4] Because the mitigator in section 921.0026(2)(j) applies to any felony offense, except any capital felony, committed on or after October 1, 1998,[5] it is available to support a downward departure from a felony DUI conviction. The fact that the Legislature specifically exempted only capital felonies is further support for the conclusion that section 921.0026(2)(j) applies to felony DUI convictions. Legislative intent must be determined primarily from the language of the statute. See Rollins v. Pizzarelli, 761 So.2d 294, 297 (Fla.2000). "[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Holly v. Auld, 450 So.2d 217, 219 (Fla.1984).
The State argues this Court should resolve the certified conflict by adopting the Fourth District's decision in Warner. In Warner, the defendant pleaded guilty to three counts of driving under the influence arising out of one episode. See 721 So.2d at 768. The trial court accepted the plea and entered a downward departure sentence based on three mitigating factors in section 921.0016(4), Florida Statutes (1995).[6] One of the grounds for departure was that the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant had shown remorse. On appeal, the Fourth District agreed with the State's assertion that there was an insufficient basis in the record to sustain the departure because the trial court based the downward departure on proffered evidence and erred in not taking evidence. Warner, 721 So.2d at 769.
The Fourth District also concluded that on remand, the mitigator of "the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse" would not be available to support a downward departure of the defendant's sentence. *1050 Id.[7] As to this issue, the Fourth District stated:
Given the state's strong public policy against DUI, we conclude that this reason for departure is not available in this case. If this DUI could be considered an isolated incident, then all first DUI's by people having clean records could be considered such. Nor do we think that drunk driving can be "committed in an unsophisticated manner."
Id.See also State v. Beck, 763 So.2d 506, 508 (Fla. 4th DCA 2000) ("We also note that drunk driving cannot be committed in an unsophisticated manner.").
Although we fully recognize the State's strong public policy against DUI, we find that the issue in this case, whether the mitigator in section 921.0026(2)(j) is available to support a downward departure from a DUI conviction, is resolved by the clear and unambiguous statutory language of section 921.0026. Because the statute states that the mitigator in section 921.0026(2)(j) applies to any felony offense, except any capital felony, committed on or after October 1, 1998, we hold that the mitigator in section 921.0026(2)(j) is available to support a downward departure from a felony DUI conviction.
The State also argues, however, that to hold section 921.0026(2)(j) applicable to felony DUI convictions would create conflict with section 921.0026(3), which provides:
(3) The defendant's substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (2) and does not, under any circumstances, justify a downward departure from the permissible sentencing range.
We find that no conflict is created by holding section 921.0026(2)(j) applicable to felony DUI convictions. Under subsection (3), intoxication at the time of the offense cannot be used as a mitigating factor to support a downward departure from a sentence under the sentencing guidelines. There is no prohibition, however, against using the mitigators listed in section 921.0026(2) in cases where the offense is intoxication. In this case the trial court imposed a downward departure on the fact that VanBebber was remorseful for an isolated incident committed in an unsophisticated manner. Again, if the Legislature intended to specifically exempt felony DUI offenses from this statutory scheme this Court must presume that it would have explicitly done so in the statute. As the Second District noted, "we shall not judicially legislate and interpret the law to negate the clear language used by the legislature." VanBebber, 805 So.2d at 920.
Finally, the State argues that the Second District improperly relied on State v. Sachs, 526 So.2d 48 (Fla.1988), to buttress its conclusion that section 921.0026(2)(j) is available in this case. In Sachs, the defendant pleaded guilty to two charges of DUI manslaughter and was sentenced to four years of community control, which was a downward departure from the guidelines recommendation. See id. at 49. The trial court gave five reasons for the downward departure, including that the defendant would continue to suffer a great deal of remorse and shame. This Court affirmed the reasons relied on by the trial court where they were supported by clear and convincing proof. See id. at 51. The State now argues that when this Court considered the reasons for departure in Sachs, it was looking at the possible lack of moral culpability in an otherwise strict liability *1051 criminal statute, not the "unsophisticated manner" in which the crime was committed. However, by relying on Sachs, the Second District merely intended to show that this Court previously found the same reasons for departure valid in a case involving a DUI offense, even before the reasons were codified as a mitigator in the Florida Statutes. Therefore we find that the Second District did not err by relying on Sachs.

CONCLUSION
Section 921.0026 is clear and unambiguous and provides that the mitigators found therein are applicable to all felony offenses except capital felonies. The offense of DUI is a noncaptial felony offense. Therefore, we hold that the mitigator in section 921.0026(2)(j) is available to support a downward departure from a sentence for a felony DUI conviction. We approve the decision of the district court of appeal and disapprove Warner to the extent it conflicts with this decision.
It is so ordered.
ANSTEAD, C.J., PARIENTE and LEWIS, JJ., and SHAW, Senior Justice, concur.
PARIENTE, J., concurs with an opinion, in which ANSTEAD, C.J., concurs.
QUINCE, J., dissents with an opinion, in which WELLS, J., concurs.
PARIENTE, J., concurring.
I write to express my agreement with the majority and elaborate on my reasons for concurring. Section 921.0026(2)(j), Florida Statutes (2002), allows the trial court to impose a downward departure sentence if the trial court finds that the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse. If the dissent is correct that the departure reason is inapplicable, then the trial court in this case would have been required to impose a Criminal Punishment Code prison sentence of no less than 175.9 months (14.65 years) up to 240 months (20 years) in prison.
The evidence presented in the trial court establishes the basis for a downward departure pursuant to section 921.0026(2)(j): this was an isolated instance and the defendant exhibited "extreme and sincere remorse while recognizing his fault." These facts are more fully detailed in Judge Altenbernd's concurrence:
Mr. VanBebber is twenty-five years old. At the time of this offense, he was employed as a plumber. He has a wife and an infant child. He has no criminal record. Mr. VanBebber has never previously been arrested for DUI. His driving record includes only a few minor traffic infractions. He had not had a drink for six months prior to the night of this accident. He had a blood alcohol level of about .16% at the time of the accident. He stopped at the scene and administered CPR to one of the victims. He pleaded guilty to these offenses with no promise as to the sentence he would receive. He is a religious man, who has repeatedly stated that he wishes that he could have been the person who died in this accident.
State v. VanBebber, 805 So.2d 918, 921 (Fla. 2d DCA 2001) (Altenbernd, A.C.J., concurring).
Section 921.0026(2)(j) appears to have been written exactly for a defendant such as VanBebber. Nothing in the wording of this statute indicates that the Legislature intended to preclude the trial court from using this subsection as a basis for exercising its discretion to impose a sentence less than the Criminal Punishment Code minimum *1052 in a case of DUI involving death or serious injury. As this Court explained recently in addressing a similar issue regarding whether the trial court was precluded as a matter of law from imposing a downward departure sentence:
There is no question that the Legislature has the authority to preclude a trial judge from imposing a downward departure sentence .... Our role, however, is limited to determining whether the Legislature intended to do so. Accordingly, it is not this Court's function to substitute its judgment for that of the Legislature as to the wisdom or policy of a particular statute.
When construing a statutory provision, legislative intent is the polestar that guides the Court's inquiry. Legislative intent is determined primarily from the language of a statute. When faced with an unambiguous statute, the courts of this state are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power. This principle is not a rule of grammar; it reflects the constitutional obligation of the judiciary to respect the separate powers of the legislature.
State v. Rife, 789 So.2d 288, 292 (Fla.2001) (citations and quotation marks omitted).
Regarding the position taken in the dissent that this mitigator is unavailable in this case because DUI cannot be committed in an unsophisticated manner and does not involve planning, there is no support for the view that the Legislature intended to give the trial courts discretion to depart downward only for crimes that are capable of being committed in a sophisticated manner. Instead, when all of the phrases of this statutory mitigator are read together, the more reasonable view is that unless the crime involves some sophistication, this mitigator may be used if the trial court finds that the offender has shown remorse and the offense was an isolated incident. Indeed, it is logical to conclude that the Legislature intended to withhold the benefit of this statutory mitigator from a defendant who, although he or she has demonstrated remorse for an offense that was an "isolated" incident, nonetheless committed the crime in a sophisticated manner either in its planning or execution. As the Second District succinctly stated in this case:
First, section 921.0026, which lays out certain mitigating circumstances, states unequivocally: "This section applies to any felony offense, except any capital felony, committed on or after October 1, 1998." There is no exception provided for DUI offenses, as was done for a capital felony. Thus, the legislature did not preclude mitigation if the crime is DUI and was an isolated incident, committed in an unsophisticated manner, for which the defendant has shown remorse. We must, of course, strictly construe penal statutes.
VanBebber, 805 So.2d at 920.
Regarding the presumption under the Criminal Punishment Code that a lengthy prison term is appropriate for VanBebber's offenses, I concur in Judge Altenbernd's observations as to the sentencing discretion of the trial judge in a tragic case such as this:
I write to encourage the legislature to consider authorizing more discretion for trial courts to impose adequate alternative punishments for DUI manslaughter. The victim injury points that are automatically included in a scoresheet for this offense always result in a lengthy prison sentence. There are some occasions when it is not a wise expenditure of tax dollars to impose lengthy prison terms for this offense.

*1053 . . . .
If Mr. VanBebber had run this stop sign with no other car in the intersection, the police would have arrested him for simple DUI. His likely penalty would have been a $500 fine. See § 316.193(2)(a), Fla. Stat. (2000). He was not so fortunate. There is no denying that the tragedy for his victims cannot be described in words or measured by days in prison. But it is the injuries in this automobile accident alone that have caused his recommended penalty to jump from a $500 fine to twenty years' imprisonment. Twenty years' imprisonment for this man would cost Florida's taxpayers nearly $1,000,000. His wife and child would have no one to support them. Given that this crime is primarily the result of terribly bad judgment rather than an evil criminal mind, one questions whether this is the best way to deter future offenses or punish Mr. VanBebber.
The sentence actually imposed in this case will force Mr. VanBebber to spend 600 hours over the next fifteen years repeatedly telling teenagers how he killed Ivan Bjazevic. Over and over again, he will be forced to relive in his own words the awful consequences of his bad judgment. Without a driver's license, it seems highly unlikely that this religious man will ever drive intoxicated again. With some luck, maybe his story will encourage a few teenagers to avoid the conduct that created victims in this case.
I might prefer a system that allowed trial judges the option to imprison defendants like Mr. VanBebber every weekend for twenty years. The current system, however, incarcerates people who are not always dangerous to society. I suspect that the tax dollars that we are spending on incarceration due to mandatory victim injury points could be used more effectively in other programs addressing the very serious and real problem of DUI.[8]
I likewise urge the Legislature to examine whether a prison term under the guidelines must necessarily be imposed for this type of offense in the absence of one of the twelve grounds for a downward departure under section 921.0026. Not only would lengthy incarceration cost the State and its taxpayers upwards of one million dollars in this case, but the defendant's child would suffer both emotionally and financially from being denied a father.
I understand that there are those who might urge that in light of our State's strong public policy against drunk drivers, this defendant deserves a lengthy prison term. We cannot restore the life lost or heal the injuries suffered in the tragedy caused by the defendant's act, which I neither condone nor excuse. In this case, however, the trial court crafted an appropriately onerous penalty that retains the prospect for lengthy incarceration if at any time during the next fifteen years the defendant *1054 violates the terms and conditions of his probation.
VanBebber received 200 months' incarceration that will remain suspended only if he successfully completes fifteen years' probation with special conditions, including one year in the Collier County jail. The other special conditions are:
[N]o possession or use of any form of alcohol, controlled substance, or unprescribed medication; random drug and alcohol screens; forty hours of community service each year with groups involved in preventing teenage alcohol consumption; permanent loss of driver's license; restitution; court costs and fines; the costs of supervision were waived until the restitution and court costs were paid.
VanBebber, 805 So.2d at 920 n. 2. Thus, if the defendant violates any conditions of probation, including the special conditions, he may be incarcerated for up to 16.6 years, less credit for time previously served. He will be required as part of his forty hours of community service for the next fifteen years to speak to groups involved in preventing teenage drinking. What a powerful message VanBebber will be able to deliver based on what occurred in this case. Consequences that will remain in place for the rest of his life include the permanent loss of his driver's license. These substantial sanctions fashioned by the trial court are tailored to fit the crime and offender, and also serve in some way to attempt to repair the damage caused by his terrible act.[9]
For all these reasons, I agree with the majority's conclusion that the trial court in this case was permitted to use section 921.0026(2)(j) to support a downward departure sentence for a felony DUI conviction.
ANSTEAD, C.J., concurs.
QUINCE, J., dissenting.
I disagree with the majority that because section 921.0026, Florida Statutes (Supp.1998), provides that the mitigators in that section are applicable to all felonies except capital felonies, that the mitigator in section 921.0026(2)(j) is applicable to the felony of driving under the influence (DUI). I would affirm the view espoused by the Fourth District in State v. Beck, 763 So.2d 506 (Fla. 4th DCA 2000), and State v. Warner, 721 So.2d 767 (Fla. 4th DCA 1998), that the mitigating factor in section 921.0026(2)(j) is not applicable to DUI convictions.
In Beck, the Fourth District reversed a trial court's downward departure from the sentencing guidelines. One of the reasons given for the departure was the section 921.0026(2)(j) mitigating factor. In rejecting that factor the court said:
The final ground for departure given by the trial court was that the offense was committed in an unsophisticated manner for which the defendant has shown remorse. In State v. Warner, *1055 721 So.2d 767 (Fla. 4th DCA 1998), rev. granted, 732 So.2d 328 (Fla.1999), this court recognized that given the state's strong public policy against DUI, this reason for departure is not valid. We also note that drunk driving cannot be committed in an unsophisticated manner.
Beck, 763 So.2d at 508. I believe the Fourth District is correct in its reasoning because the crime of driving while under the influence is not capable of being committed in a sophisticated manner.
This mitigating factor contemplates that the crime that has been committed is one that can be done in at least two ways, sophisticated or unsophisticated. If the crime is one that is not capable of being committed in a sophisticated manner, then logically, it cannot be committed in an unsophisticated manner. As the Fourth District held, DUI is a crime which cannot be committed in a sophisticated or unsophisticated manner.
This reading of section 921.0026(2)(j) does not run afoul of the general provision that the mitigators in this section are applicable to all noncapital felonies. Even with that general principle as a guide, we must be ever mindful of the fact that not every mitigating factor can be applied to every noncapital felony. In determining whether a mitigating factor is applicable, the sentencing court must look at the facts and circumstances of the offense as well as the type of crime that was committed. When the facts and circumstances and the type of crime are considered in this case, I reach the conclusion that section 921.0026(2)(j) is not applicable to the crime of DUI.
WELLS, J., concurs.
NOTES
[1] The State contends this is a slight misstatement. The mitigator at issue in this case has three parts-the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse. See § 921.0026(2)(j), Fla. Stat. (Supp.1998). The State agreed that the offense was an isolated incident for which the defendant has shown remorse, but disputed whether the offense was committed in an unsophisticated manner.
[2] §§ 921.002-921.0027, Fla. Stat. (Supp. 1998).
[3] The Second District buttressed its conclusion with State v. Sachs, 526 So.2d 48 (Fla. 1988), where, before the current Florida Criminal Punishment Code was instituted, this Court found the manner of committing the offense, the fact that it was an isolated incident, and the fact that the defendant had shown remorse were valid reasons for a downward departure in a DUI case. See VanBebber, 805 So.2d at 920-21.
[4] As noted above, section 921.0026(2)(j) is part of the Florida Criminal Punishment Code. See §§ 921.002-921.0027, Fla. Stat. (Supp.1998). The introduction to the Code also provides: "The Criminal Punishment Code shall apply to all felony offenses, except capital felonies, committed on or after October 1, 1998." § 921.002, Fla. Stat. (Supp. 1998).
[5] The offense in this case was committed on May 23, 1999.
[6] Section 921.0016(4) was repealed effective October 1, 1998, with the implementation of the Florida Criminal Punishment Code. See §§ 921.002-921.0026, Florida Statutes (1997). Section 921.0026 was enacted effective October 1, 1998. The mitigators listed in sections 921.0016(4) and 921.0026(2) are identical.
[7] In Warner, it appears the Fourth District mistakenly cited 921.0016(3)(j) instead of 921.0016(4)(j), Florida Statutes (1995), when discussing this mitigator.
[8] A very thoughtful recent law journal article urges the adoption of DUI drug courts, modeled on the highly successful drug courts that have been shown to substantially reduce recidivism. See Gail Sasnett-Stauffer & E. John Gregory, A Drug by any Other Name is Still a Drug: Why the Florida Judiciary Should Start Treating DUI as any Other Drug Offense, 13 U. Fla. J.L. & Pub. Pol'y 299 (2002). I agree that this idea has merit and I know of several county court judges who have attempted to incorporate the drug court model into DUI adjudications. This issue should be more fully explored jointly by all three branches of government since our experience with drug courts in Florida has shown that a cooperative approach has been most successful. Other stakeholders should be brought into this discussion, including representatives of Mothers Against Drunk Driving (MADD), the public defenders and the state attorneys.
[9] In this case, a lengthy prison term would satisfy only the goal of retribution. On the other hand, a balanced and restorative justice approach views crime as "more than a violation of the criminal law" but also as a disruption "in a three-dimensional relationship of victim, community and offender." See Leena Kurki, U.S. Department of Justice, Incorporating Restorative and Community Justice Into American Sentencing and Corrections 2 (1999). It further recognizes that because crime "harms the victim and the community, the primary goals should be to repair the harm and heal the victim and the community." Id. The goal of any case disposition should be to promote public safety, competency development, and accountability. Further, sentencing that has been based on restorative justice principles has shown higher rates of compliance with payment of restitution amounts and in completion of community service. See generally Gordon Bazemore, A Vision for Community Juvenile Justice, 49 Juv. & Fam. Ct. J. 55 (Fall 1998).