876 So.2d 724 (2004)
STATE of Florida, Appellant,
v.
Marcus T. BRANNUM, Appellee.
No. 5D03-1251.
District Court of Appeal of Florida, Fifth District.
July 2, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant *725 Attorney General, Daytona Beach, for Appellant.
Marcus Theodore Brannum, Orlando, pro se.
SAWAYA, C.J.
The State appeals a downward departure sentence imposed on Marcus T. Brannum after he entered an open plea to the crimes of aggravated fleeing and eluding a police officer and felony driving while license revoked. The State argues that the reasons cited by the trial court for the downward departure are not supported by competent substantial evidence. We agree.
At the time he committed these offenses, Brannum was on probation for prior offenses and, based on his criminal history, his scoresheet called for a term of incarceration. Although the trial court sentenced Brannum to prison, it suspended the prison sentence on the condition that Brannum successfully complete ten years of probation on one count and a concurrent five-year term of probation on the other count. The State objected to the downward departure sentence. The trial court stated that it did not consider the sentence a departure sentence but nevertheless indicated that the sentence was justified because the offenses were committed in an unsophisticated manner and Brannum entered a voluntary and uncoerced plea to the charges.
We disagree with the trial court's assertion that the sentence imposed on Brannum was not a downward departure sentence. When the incarcerative portion of a defendant's sentence is suspended and the defendant is placed on probation, this court and others have consistently held that the sentence constitutes a downward departure sentence.[1] Hence, we must determine *726 whether the downward departure sentence imposed on Brannum is appropriate.
In State v. Clay, 780 So.2d 269 (Fla. 5th DCA 2001), this court discussed the process that must be complied with in order to properly impose a departure sentence:
The decision to depart from the guidelines is a two-part process. Banks v. State, 732 So.2d 1065 (Fla.1999); State v. Schillaci, 767 So.2d 598 (Fla. 4th DCA 2000). First, the trial court must decide whether it can depart by determining whether "there is a valid legal ground and adequate factual support for that ground in the case pending before it." Banks, 732 So.2d at 1067. This decision will be affirmed on appeal if the reason provided by the trial judge is valid and supported by competent substantial evidence. Banks; Schillaci. The second step requires the trial court to determine "whether departure is indeed the best sentencing option for the defendant...." Banks, 732 So.2d at 1068. The trial court is afforded considerable discretion in making this decision and it will be reversed only if the appellate court finds the trial court abused its discretion. Banks; Schillaci.

Id. at 270-71. We proceed to first determine whether the trial court provided valid legal grounds for the departure sentence that are supported by competent substantial evidence.
One of the grounds relied on by the trial court to justify the departure sentence was that Brannum committed the offenses in an unsophisticated manner. Section 921.0026(2)(j), Florida Statutes (2002), provides that one of the non-exclusive mitigating circumstances a court may use as the basis for a departure sentence is that the "offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." (Emphasis added). This may be an appropriate ground for a departure sentence, but all three elements must be found to exist by the trial court. State v. Thompson, 844 So.2d 814 (Fla. 5th DCA 2003); State v. White, 755 So.2d 830 (Fla. 5th DCA 2000).
Here, the trial court failed to find that the offenses for which Brannum was convicted were isolated incidents and that Brannum was remorseful for his wrongful conduct. We also note that Brannum has a rather lengthy criminal record that includes convictions for battery on a law enforcement officer, three armed robberies with a firearm, grand thefts, and a number of misdemeanor convictions for battery. Moreover, the offense of felony driving while license is revoked could only be charged and proven if Brannum had previously been found guilty of driving with a revoked license. This fact certainly dispels the notion that Brannum's conviction for this particular offense was an isolated incident. We conclude that this ground *727 for departure was not established by competent substantial evidence.
The other ground the trial court relied on to justify the departure sentence was that Brannum entered a voluntary and uncoerced plea. The record reveals, however, that Brannum entered an open plea to the court and that the State was not a party to any plea agreement with him. This court has held that this is not a valid reason for a departure sentence where there was no plea agreement entered into between the defendant and the State. State v. Bell, 854 So.2d 686 (Fla. 5th DCA 2003), review denied, 866 So.2d 1212 (Fla.2004); see also State v. Sawyer, 753 So.2d 737, 738 (Fla. 2d DCA 2000) ("[A]lthough an uncoerced plea bargain is a valid reason to depart from the guidelines, the downward departure in this case cannot be upheld on this basis because the State did not join in the plea agreement.") (citing State v. Laperreri, 710 So.2d 119 (Fla. 2d DCA 1998); State v. Bowland, 604 So.2d 556 (Fla. 2d DCA 1992)). Because the departure sentence must be reversed and this case remanded for resentencing, Brannum should not be allowed the option of withdrawing his plea. See State v. Norris, 724 So.2d 630, 632 (Fla. 5th DCA 1998)("[I]n this case the plea was an open plea to the court with no agreement for a sentence.... In these circumstances, there is no reason to allow Norris to withdraw his plea. On remand, Norris should simply be given a guidelines sentence.")
Accordingly, we reverse the sentences imposed on Brannum and remand this case to the trial court for imposition of a guidelines sentence.[2]
REVERSED and REMANDED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] See State v. VanBebber, 848 So.2d 1046 (Fla.2003) (observing that a downward departure sentence was imposed when the guidelines called for a prison sentence of 175.9 to 240 months and the defendant was sentenced to 200 months' incarceration suspended upon completion of fifteen years of probation); State v. Tyrrell, 807 So.2d 122, 125 n. 6 (Fla. 5th DCA 2002) ("Because the prison sentences were suspended, the sentences fall below the lowest permissible sentence and are treated as downward departure sentences.") (citation omitted); State v. Gilson, 800 So.2d 727 (Fla. 5th DCA 2001) (holding that when the scoresheet permissible range was 50.7 months to 49 years' incarceration and the defendant was sentenced to 50.7 months in prison suspended on condition of successful completion of two years on community control followed by three years on probation, the sentence was a downward departure sentence requiring sufficient reasons for the departure); State v. Clay, 780 So.2d 269 (Fla. 5th DCA 2001); Richie v. State, 777 So.2d 977 (Fla. 2d DCA 1999) (acknowledging that sentence within guideline range but with a portion suspended constituted a downward departure); State v. White, 755 So.2d 830 (Fla. 5th DCA 2000) (noting that a departure sentence had been imposed where the recommended guidelines sentence was 30 to 50 months' incarceration and the trial court imposed a sentence of 35 months' incarceration suspended with credit for 517 days of time served followed by five years of drug offender probation); State v. Bray, 738 So.2d 962, 963 (Fla. 2d DCA 1999) ("Suspending the incarcerative portion of a sentence, as the court did in the present case, is appropriate if a valid reason for a downward departure exists.") (citation omitted); State v. Norris, 724 So.2d 630 (Fla. 5th DCA 1998) (noting that when the sentencing guidelines required a sentence of 64 to 100 months in prison and the defendant was sentenced to 70 months in prison, suspended upon completion of probation and attendance at a six-month residential drug program, the trial judge was required to state sufficient reasons for the downward departure sentence); State v. Whiting, 711 So.2d 1212 (Fla. 2d DCA 1998) (holding that a downward departure sentence was imposed when the guidelines sentencing range was nine to fifteen years in prison and defendant was sentenced to ten years' incarceration suspended upon completion of probation); State v. Licea, 707 So.2d 1155 (Fla. 2d DCA 1998) (holding that a downward departure sentence was imposed requiring sufficient reason for the departure when the sentencing guidelines' range was from 36.75 to 61.25 months in state prison and the defendant received a sentence of three years' state prison, which was suspended, and one year in jail followed by two years' community control); State v. Solomon, 667 So.2d 937 (Fla. 2d DCA 1996) (noting that defendant received a downward departure sentence when the sentencing guidelines scoresheet reflected a range between 61.35 months and 102.5 months and the trial court sentenced him to eight years in prison, suspended, and two years' community control to be followed by three years' probation); Salemi v. State, 636 So.2d 824, 825 (Fla. 2d DCA 1994) (holding that the "suspended sentence was technically a one-cell upward departure from the guidelines, although suspension had the effect of providing a significant downward departure.") (citation omitted).
[2] Brannum contends that remand for resentencing within the guidelines would violate the proscription against double jeopardy. We reject this argument. See Cheshire v. State, 568 So.2d 908 (Fla.1990) (holding that double jeopardy did not preclude the trial court from imposing a guidelines sentence on remand where the trial court erroneously imposed a downward departure sentence at the original sentencing hearing); see also Harris v. State, 645 So.2d 386, 388 (Fla.1994) ("[W]e find that the Double Jeopardy Clause is not an absolute bar to the imposition of an increased sentence on remand from an authorized appellate review of an issue of law concerning the original sentence. Harris has not been deprived of any reasonable expectation of finality in his original sentence, nor has he been subject to repeated attempts to convict.").