# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0156
LT Case No. 2023-CF-001211

_____

STATE OF FLORIDA,

   Appellant/Cross-Appellee,

   v.

ROBERT HENRY RIVERNIDER, JR.,

   Appellee/Cross-Appellant.

_____


On appeal from the Circuit Court for Sumter County.
David B. Eddy, Judge.

James Uthmeier, Attorney General, Tallahassee, and Kaylee D.
Tatman, Assistant Attorney General, Daytona Beach, for
Appellant/Cross-Appellee.

Dylan G. Barket, of Barket Lawyers, Miami, and Roger Roots, of
John Pierce Law, P.C., Woodland Hills, CA, for Appellee/Cross-
Appellant.

May 8, 2026


WALLIS, J.

   The State (Appellant) appeals the trial judge's granting of a
downward departure sentence for Appellee following a jury
trial.  Appellee cross-appeals, raising 11 alleged errors concerning
his conviction.  We affirm as to all issues raised by Appellee and

affirm his conviction. We reverse the granting of the downward departure.

Appellee proceeded to trial charged by information with Forgery of a Public Record, Uttering a Forged Public Record, and Fraud in Connection with Casting a Vote. The jury returned verdicts of guilty on all counts.

The State submitted a sentencing memorandum noting that Appellee had 18 prior felony convictions involving wire fraud. Appellee's prior offenses resulted in his scoring 186 prior record points in his sentencing scoresheet, for a total score of 197.90 points. This resulted in a lowest permissible guidelines sentence of 127.425 months, with a statutory maximum of 15 years. The State requested the trial court sentence Appellee to 11 years (132 months) in prison.

During the sentencing hearing, the trial judge commented that the 127.425-month lowest permissible guidelines sentence was "grossly disproportionate for the offenses" because they were not violent, there was no personal victim injury, there was no economic injury, and the case involved one ballot and one election rather than an organized scheme to defraud. The trial judge admitted that he could not disregard Appellee's 18 prior felony convictions.

The trial judge found that in his "personal subjective opinion" the lowest permissible guidelines sentence was "grossly disproportionate to the offenses." In making this statement, the trial judge admitted that his opinion could not serve as the basis for a downward departure.

The trial judge announced as his first basis for downward departure that the offenses were committed in an unsophisticated manner and were an isolated incident. In making this first finding, the trial judge also admitted that Appellee had not shown remorse for his actions. The trial judge's second ground for downward departure was that there was a need for Appellee to pay restitution as a condition of probation that he was serving as part of a sentence in the federal court system. Nonetheless, the trial judge questioned whether this second basis was a legitimate

reason for a downward departure in this state proceeding. The State made timely objections as to both of the trial judge's stated reasons to depart. The trial judge overruled the objections and sentenced Appellee to 180 days in jail.

In the reasons for departure section of the scoresheet signed by the judge, the box marked, "The need for payment of restitution to the victim outweighs the need for a prison sentence" was checked. Next to the box, a handwritten entry initialed by the judge stated, "Referencing federal case: Case No. 3:10 CR 222 (RNC)." The box marked, "The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse" was checked. However, the language stating "for which the defendant has shown remorse" was crossed out by hand and initialed by the judge.

The two bases cited by the trial court justifying the downward departure are found in section 921.0026(2), Florida Statutes, as: "(e) The need for payment of restitution to the victim outweighs the need for a prison sentence" and "(j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse."

First, as for the ground under section 921.0026(2)(e), setting aside the question of whether victims being owed restitution in an unrelated federal case could satisfy the requirements of this subsection, Appellee provided no evidence at the sentencing hearing establishing the federal victims' need for restitution. Appellee failed to prove this ground by a preponderance of the evidence. *See* § 921.002(1)(f), Fla. Stat. ("The level of proof necessary to establish facts that support a departure from the lowest permissible sentence is a preponderance of the evidence."); *Banks v. State*, 732 So. 2d 1065, 1067 (Fla. 1999) ("[F]acts supporting the ground [for departure] must be proved at trial by a preponderance of the evidence." (internal quotations omitted)). Therefore, the trial judge's findings on this ground were not supported by competent, substantial evidence.

Second, in order to properly apply the statutory ground listed in section 921.0026(2)(j), a court must find that the defendant has shown remorse, an element included in the plain

3

language of the statute. *See State v. Brannum*, 876 So. 2d 724, 726–27 (Fla. 5th DCA 2004) (finding that this ground for departure was not established by competent substantial evidence where the trial court failed to find that the defendant was remorseful for his wrongful conduct); *State v. Thompson*, 844 So. 2d 814, 815 (Fla. 5th DCA 2003) (finding that departure under section 921.0026(2)(j) was improper where the trial court only made a finding as to the "unsophisticated manner" element and not the other two elements of "isolated incident" and "remorse"). Here, the trial judge specifically found that Appellee had not shown remorse. Thus, the trial judge did not make adequate findings to support this ground, and there is no evidence in the record that Appellee was remorseful.

We affirm Appellee's conviction. We reverse his downward departure sentence and remand to the trial court for another sentencing hearing.

AFFIRM in part. REVERSE in part. REMAND with instructions.

EISNAUGLE and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____